**ROSENTHAL v. ALLEN.**

Civ. A. No. 498.

District Court, M. D. Georgia,
Macon Division.

Jan. 19, 1948.

Harold Karp and Arnold S. Kaye, both of Atlanta, Ga., for plaintiff.

John P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., and Fred J. Neuland, Sp. Asst. to Atty. Gen., for defendant.

DAVIS, District Judge.

On March 29, 1947, Mrs. Mollie Rosenthal, the plaintiff herein, filed her petition wherein she, among other things, prayed for a temporary and permanent injunction against the defendant, Marion H. Allen, Collector of Internal Revenue for the District of Georgia. By order dated April 3, 1947, I denied plaintiff's prayers for a temporary restraining order, · but ordered that all the parties to these proceedings and their counsel appear before me on May 26, 1947, to show cause why the permanent relief prayed for by the plaintiff should not be granted.

Subsequently, on May 16, 1947, the defendant filed his answer and included therein a "special and affirmative defense" wherein he asserts that pursuant to the provisions of Section 3653 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 3653, this suit, being one to restrain the assessment and collection of a tax, cannot be maintained, and further that plaintiff has a plain, adequate and complete remedy at law.

The matter came on before me for final hearing on October 2, 1947. Upon the final hearing counsel for the plaintiff and the defendant argued at length the merits of the defendant's "special and affirmative defense", which is in effect a motion to dismiss the case pursuant to the provisions of Section 3653 of the Internal Revenue Code. I reserved opinion and judgment upon the defendant's "special and affirmative defense" and allowed the parties to introduce oral testimony and documentary evidence in support of their contentions.

## Findings of Fact.

From the evidence before me, I find the facts to be as follows:

At all times pertinent to the issues involved in this proceeding plaintiff and Max R. Rosenthal were lawfully married and living together as husband and wife.

On February 17, 1944, plaintiff purchased from Maxwell Construction Company, with her own funds, a house and lot located at 208 57th Street, Savannah, Georgia, for use by herself and family as a residence. This property is described in a deed dated February 17, 1944, from Maxwell Construction Company to Mrs. Mollie Rosenthal, which was recorded in the office of the Clerk of the Superior Court of Chatham County, Georgia, on the 9th day of March, 1944, in Record Book 39-R at page 352.

On June 2, 1944, Max R. Rosenthal, the husband of plaintiff herein, purchased from James R. Sheldon certain real property located in the City of Savannah, Chatham County, Georgia, commonly known as Nos. 437 to 449, inclusive, West Broad Street, and 509 to 521, inclusive, Roberts Street. The property referred to is more particularly described in a deed executed on June 2, 1944, between James R. Sheldon of the first part and Max R. Rosenthal of the second part, which is recorded in the office of the Clerk of the Superior Court of Chatham County, Georgia, in Record Book 40-A at page 271.

The evidence as to the source of the funds used by Max R. Rosenthal in making the purchase of this property is in dispute, and for reasons which will hereinafter appear, it is not necessary that I make any finding of fact in this respect.

By deed of gift executed on June 19, 1944, Max R. Rosenthal conveyed to his wife, the plaintiff herein, the above mentioned property, commonly known as Nos. 437 to 449, inclusive, West Broad Street, and 509 to 521, inclusive, Roberts Street, Savannah, Georgia. The deed of gift recites as consideration for the conveyance made thereby the natural love and affection of the donor for his wife, the plaintiff herein. On November 18, 1946, plaintiff purchased a 1946 Model Nash automobile with money which belonged to her, and on February 6, 1947, she had on deposit in the Liberty National Bank and Trust Company, Savannah, Georgia, the sum of $105.69.

The West Broad and Roberts Streets real estate of plaintiff is rental property. The agreed purchase price thereof was $21,000.00. When the sale of this property was closed, a $5,000.00 payment was made, leaving a balance on the purchase price of $16,000.00, of which $13,000.00 remains unpaid. In addition, plaintiff has borrowed the further sum of $5,000.00, and has mortgaged her interest in this property to secure repayment of the loan. The gross rents received from the property by plaintiff amount to approximately $750.00 per month.

Plaintiff owns no property, except the rental property referred to, her home at 208 East 57th Street, Savannah, Georgia and the furniture therein contained, and has no income except the rents which she receives from tenants occupying the West Broad and Roberts Street property.

On February 13, 1947, pursuant to the provisions of Section 273 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 273, the Commissioner of Internal Revenue made jeopardy assessments of taxes, penalties and interest against Max R. Rosenthal, plaintiff's husband, as follows:

| Year | Tax | 50% Fraud Penalty | Interest |
|------|------|------|------|
| 1943 | $ 2,334.56 | $ 1,719.67 | $ 408.00 |
| 1944 | 31,454.45 | 15,733.11 | 3,609.94 |
| 1945 | 30,049.21 | 15,024.60 | 1,645.71 |

Total tax, penalty and interest $ 101,979.25

At the same time and pursuant to the provisions of Section 273 and 311 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, §§ 273, 311, the Commissioner of Internal Revenue made a jeopardy transferee assessment against plaintiff as transferee of the assets of her husband, Max R. Rosenthal, in the aggregate amount of $46,719.52, representing the deficiency in taxes, penalties and interest assessed against Max R. Rosenthal for the year 1945.

On April 4, 1947, the Commissioner mailed plaintiff a letter advising her of this deficiency, and further advising her of her

right to file a petition with the Tax Court of the United States for a redetermination of such transferee assessment. However, the time within which plaintiff might have filed such a petition had expired when a final hearing on this case was held. Notices and demands for payment of the aforesaid assessments were served upon the plaintiff and her husband by the defendant, and upon their failure to pay said assessments, warrants for distraint were issued by the defendant and served upon the plaintiff and her husband.

Notices of tax liens covering these assessments were filed with the Clerk of the Superior Court of Chatham County, Georgia, and thereafter, on or about March 1, 1947, the defendant levied upon the 1946 Nash automobile owned by plaintiff and sold it at public outcry on or about March 15, 1947. The automobile was sold for $1685.00 and this sum was collected by the defendant and credited upon the jeopardy transferee assessment made against plaintiff for the taxes, liability for which had accrued to her husband for the year 1945, and such sum was thereafter covered into the Treasury of the United States prior to the final hearing upon these proceedings.

On February 6, 1947, defendant levied upon the sum of $105.97, which was deposited in the account of the plaintiff at the Liberty National Bank and Trust Company, Savannah, Georgia. This sum was also collected by the defendant and covered into the Treasury of the United States prior to the final hearing on the case.

On April 10, 1947, subsequent to the initial hearing on the case, which was held on April 3, 1947, the Commissioner of Internal Revenue, pursuant to the provisions of Sections 273 and 311 of the Internal Revenue Code, made jeopardy transferee assessments against the plaintiff in the aggregate sum of $55,582.58, representing the amount of the deficiencies in tax, penalties and interest which had theretofore been assessed against her husband for the years 1943 and 1944, as aforesaid.

No notices of tax liens covering the last mentioned assessments were filed by the defendant with the Clerk of the Superior Court of Chatham County, Georgia, although Plaintiff was notified in accordance with law of the fact that such assessments had been made.

Plaintiff's original complaint was never amended, so as to pray for any relief respecting the jeopardy transferee assessments against her made by the Commissioner on April 10, 1947, covering the taxable years 1943 and 1944 as aforesaid.

## Conclusions of Law

1. The Court has jurisdiction of the parties to and the subject matter of these proceedings.

2. The liability of Max R. Rosenthal for taxes, penalties and interest for the year 1945 had not accrued when, on June 19, 1944, plaintiff became his transferee of the property commonly known as Nos. 437 to 449, inclusive, West Broad Street, and 509 to 521, inclusive, Roberts Street, Savannah, Georgia. Therefore, since the property in question was transferred to plaintiff before Max R. Rosenthal's liability for 1945 taxes accrued, the transfer created no liability, in law or equity, upon plaintiff or her interest in the property transferred, for 1945 taxes of her husband.

Accordingly, it was legally impossible for the Commissioner of Internal Revenue to make a valid transferee assessment for Max R. Rosenthal's 1945 taxes against the plaintiff here, pursuant to the provisions of Section 311 of the Internal Revenue Code, with respect to the property transferred to her by Max R. Rosenthal on June 19, 1944.

I conclude, therefore, that with respect to the West Broad and Roberts Streets property of plaintiff, the Commissioner's assessment against her as transferee of her husband, Max R. Rosenthal, for taxes, penalties and interest for the year 1945 was arbitrary, illegal, void, without any force and effect, and completely without any foundation in fact or in law.

3. Since the plaintiff here purchased her residential property at 208 East 57 Street, Savannah, Georgia, on February 17, 1944, from Maxwell Construction Company, with her own money, and since her husband, Max R. Rosenthal, never at any time owned any part thereof, plaintiff is not and has never been his "transferee" with respect to such property as contemplated

by the provisions of Section 311 of the Internal Revenue Code. Moreover, when this property was acquired by plaintiff, Max R. Rosenthal's liability for taxes for the year 1945 had not accrued.

Accordingly, it was legally impossible for the Commissioner of Internal Revenue to make a valid assessment against plaintiff as transferee of her husband, Max R. Rosenthal, for the latter's 1945 tax liability, with respect to her residential property at 208 East 57th Street, Savannah, Georgia. This is particularly true where, as here, the property in question was never transferred to plaintiff by her husband, Max R. Rosenthal.

I conclude, therefore, that with respect to plaintiff's residential property at 208 East 57th Street, Savannah, Georgia, the Commissioner's assessment against her as transferee of her husband, Max R. Rosenthal, for taxes, penalties and interest for the year 1945 was arbitrary, illegal, void, without any force and effect, and completely without any foundation in fact or in law.

■ 4. Since the proceeds of the sale of plaintiff's automobile, amounting to $1,685.00, and the money held on deposit in plaintiff's account at The Liberty National Bank and Trust Company of Savannah, amounting to $105.69, have been collected by the defendant and covered into the Treasury of the United States, the Court in these proceedings is without authority to order or otherwise require the defendant to return such sums to the plaintiff.

I conclude, therefore, that plaintiff has, with respect to the money referred to, a plain, adequate and complete remedy at law. She may file a timely claim for refund of such money, and thereafter, if necessary, institute suit for its recovery. It is accordingly proper to deny the relief prayed in this respect.

■ 5. I further conclude that with respect to her property at 208 East 57th Street, Savannah, Georgia, and Nos. 437 to 449, inclusive, West Broad Street, and 508 to 521, inclusive, Roberts Street, Savannah, Georgia, and the defendant's efforts to subject it to the payment of the tax liability of Max R. Rosenthal for the year 1945, plaintiff has no plain, adequate and complete remedy at law.

In this connection special and extraordinary circumstances exist and an exceptional case is presented. Therefore, the provisions of Section 3653 of the Internal Revenue Code do not apply. If the defendant here is permitted to deprive plaintiff of her interest in this property by subjecting the same to levy and sale, in order to satisfy his claim against Max R. Rosenthal for taxes, penalties and interest for the year 1945, upon the theory that she is the transferee of the assets of Max R. Rosenthal, it is clear, not only that the claim against her as such transferee is wholly illegal, but that she would in such event be forced to sacrifice the only source of income now available to her (her interest in the rental property referred to), and without any property whatsoever seek to obtain sufficient funds with which to pay the total amount of the 1945 assessment, including penalties and interest, and thereafter file claim for refund and, if necessary, bring suit for the recovery thereof. Requiring the plaintiff to do this, where it is clear that she is not liable for any part of the taxes so assessed, would result in irreparable injury and loss to her.

■ 6. I conclude that the notices of lien filed by the defendant in the office of the Clerk of the Superior Court of Chatham County, Georgia, constitute a cloud upon plaintiff's title to the real property owned by her, and substantially interfere with her right to the free, unencumbered and complete use and enjoyment thereof.

7. Let a decree in conformity with these findings and conclusions be presented for my signature and entry forthwith.