**Rose H. JEROMER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Dec. 28, 1955.

Winick, Hoffman & Grumet, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Motion under F.R.Civ.P. 12(b), 28 U.S.C. to dismiss the complaint herein "on the grounds that the Court lacks jurisdiction over the subject matter because the complaint does not show that a claim for refund of the taxes sought to be recovered in this suit was filed within two years of the date of payment of the tax as required by Section 322(b) of the Internal Revenue Code of 1939 [26 U.S.C. § 322(b)]."

The complaint and moving affidavit show that Joseph Jeromer, plaintiff's

**240**

late husband, died on June 6, 1948 owing unpaid income taxes for the years 1943, 1944, 1945, 1947 and 1948 of $6,601.03. Plaintiff, as beneficiary under certain insurance policies on her husband's life, became entitled to $181,856.82 against which the government had previously filed a claim for decedent's said income taxes. On the representations of the District Director that plaintiff was liable, under § 311 of the Internal Revenue Code 1939, 26 U.S.C. § 311, for decedent's said taxes as a transferee, plaintiff paid the government $7,772.29 on February 4, 1953.

On May 11, 1955, more than twenty-seven months after the said payment plaintiff, by her attorneys' letter, demanded refund of said $7,772.29 and thereafter on May 26, 1955 commenced this suit.

Plaintiff meets this attack upon her complaint by reliance upon 28 U.S.C. § 2401(a) which bars a civil action against the United States not commenced within six years after the right of action first accrues.

■ Conceding that her suit is a civil action, she cannot maintain it "until a claim for refund or credit has been duly filed with the [Director], according to the provisions of law in that regard".[1]

This is a jurisdictional condition precedent to suit and not a statute of limitations.[2] In a case such as this plaintiff "may file a timely claim for refund of such money, and thereafter, if necessary, institute suit for its recovery." [3]

What then is a "timely claim for refund" required as a jurisdictional condition precedent to suit?

■ The government says that 26 U.S.C. § 322(b) (1) supplies the answer, i. e.—two years. The plaintiff says that 28 U.S.C. § 2401(a) supplies the answer, i. e.—six years. I believe the plaintiff is right.

The collection of the decedent's income taxes here was admittedly made under 26 U.S.C. § 311 (1939) which is part of "Supplement N—Claims Against Transferees And Fiduciaries". That supplement of the statute and the Income Tax Regulations to be read therewith are completely silent as to any claim for a *refund of tax erroneously or illegally collected* thereunder.

The answer is not supplied by the government's suggestion that the requirements of 26 U.S.C. § 322(b) (1939) cover the situation for § 322(b) is part of "Supplement O—Overpayments" and thus deals with an entirely different matter. That this supplement of the statute and the Income Tax Regulations to be read therewith do contain provisions governing a claim for a *refund of an overpayment* of tax by the taxpayer cannot afford any basis for engrafting those provisions upon a situation arising under Supplement N.

In the absence of any other asserted authority therefor it would appear that no statute or regulation governs the matter except that relied upon by plaintiff.

Motion denied.

1. 26 U.S.C. § 3772(a) (1) (1939). United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025.

2. United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209.

3. Rosenthal v. Allen, D.C.M.D.Ga., 75 F. Supp. 879, at page 883.