William ENGLAND and Mary England,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 12396.

United States Court of Appeals
Seventh Circuit.

Dec. 4, 1958.

William B. England, St. Louis, Mo., James W. McRoberts, McRoberts & Hoban, East St. Louis, Ill., for plaintiffs-appellants.

Charles K. Rice, Asst. Atty. Gen., Helen A. Buckley, Atty., Tax Division, Dept. of Justice, Washington, D. C., Clifford M. Raemer, U. S. Atty., East St. Louis, Ill., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., James B. Moses, Asst. U. S. Atty., East St. Louis, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and KNOCH, Circuit Judges.

DUFFY, Chief Judge.

The complaint herein contains two counts. In the first count plaintiff, William England, seeks a declaratory judgment that certain written instruments executed by him are of no legal effect as being products of fraud; that the Court enter an order cancelling a Federal income tax lien imposed by the Government upon certain real estate owned by him; and that he be awarded the sum of $1200.00 alleged to have been paid by him as an offer in compromise. In the second count plaintiff, Mary England, sought a court order cancelling the Federal income tax lien referred to in count 1, and releasing her distinct interests in

## 456

said real estate from the encumbrance of the lien.

The claims for fraud were based upon an allegation that taxpayer, in May, 1945, was fraudulently induced by a revenue agent to sign a written document in blank on the representation that the signature was a mere acknowledgment of an audit, whereas, in truth, the legal effect of the signature was a waiver of all future legal action regarding the decision of the agent as well as an acknowledgment that the decision was correct.

A second allegation of fraud was that in February of 1946 two other revenue agents induced him, by fraud, to execute a certain document. The third of the fraud allegations was that in March, 1955, still another revenue agent fraudulently induced him to sign a written instrument empowering the United States to reassess 1944 taxes although the statute of limitations had run, and induced him to offer the sum of $1200.00 in compromise for 1945 and 1946 taxes.

Taxpayers failed to allege a timely filing of a claim for refund. Apparently the suit is based on an attempt to recover under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The District Court dismissed taxpayers' amended complaint on the ground that it failed to state a cause upon which relief could be granted. This appeal followed.

■ The District Court had no jurisdiction to enter a declaratory judgment that various documents signed by taxpayers were null and void. The Declaratory Judgment Act specifically excepts such relief "with respect to Federal taxes." 28 U.S.C. § 2201.

■ Insofar as the complaint sought a return of an amount paid for Federal income taxes, it did not state a claim upon which relief could be granted, because it is fundamental that a suit for a refund of Federal income taxes may not be maintained unless a claim for refund has first been timely made. Internal Revenue Code of 1954, § 7422(a), 26 U.S.C.A. § 7422(a).

■■ There is no federal statute authorizing a suit against the United States for the cancellation of Federal income tax liens. In making such a demand, taxpayers are requesting the Court to make a determination as to the validity of the tax assessments upon which the liens were based. The proper method of contesting the validity of an assessment of Federal income tax is by filing a petition in the Tax Court and litigating the proposed deficiency, or, by paying the tax, filing a claim for refund and thereafter suing for such refund in a United States District Court.

We hold the trial court correctly dismissed taxpayers' complaint as failing to state a claim upon which relief can be granted.

Affirmed.