Oscar FARMER and his wife, Ruby Farmer, Plaintiffs

v.

Gilbert C. HOOKS, Director of Internal Revenue (formerly William Gray) and United States of America, Defendants.

No. 986.

United States District Court
E. D. Kentucky,
London.

May 13, 1961.

Glenn W. Denham, Edward M. Dooley, Middlesboro, Ky., for plaintiffs.

U. S. Atty., Jean L. Auxier, Lexington, Ky., for defendants.

HIRAM CHURCH FORD, District Judge.

This case is submitted upon the defendants' motion to dismiss the complaint as amended upon the grounds that

the Court is without jurisdiction of this cause, and that the complaint, as amended, fails to state a claim upon which relief can be granted.

The plaintiffs assert two separate claims against the United States. In support of their first claim they invoke jurisdiction of the Court to obtain a declaratory judgment and injunctive relief under sections 2201 and 2202 of Title 28 of the United States Code.

The allegations of the complaint make it quite clear that the controversy here involved is "with respect to Federal taxes". Such claims are expressly excepted from the provisions of the Declaratory Judgment Act upon which the plaintiffs rely. England v. United States, 7 Cir., 261 F.2d 455, 456.

■ Plaintiffs also seem to rely upon section 1346(a) (2) of Title 28 to sustain their claim for declaratory and injunctive relief, but it seems clear that this section does not confer jurisdiction of a suit against the Government where only declaratory and other equitable relief is sought. Wells v. United States, 9 Cir., 280 F.2d 275, 277; Blanc v. United States, 2 Cir., 244 F.2d 708, 709, certiorari denied 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79.

■ I am of the opinion that the Court is without jurisdiction to entertain the plaintiffs' claim for relief under the Declaratory Judgment Act (28 U.S.C. §§ 2201–2202), and that so much of the motion to dismiss as relates thereto should be sustained.

■ By their second amended complaint, plaintiffs assert a claim for the recovery of $2,411.14, which amount, according to their allegations, they were wrongfully required to pay under an erroneous interpretation of the contract referred to in the original complaint. The contract set out in the original complaint involved an agreement as to the amount to be paid in annual installments on account of certain delinquent taxes. The claim is obviously for the purpose of securing refund of taxes alleged to have been erroneously and unlawfully collected. This character of action is referred to in section 1346(a) (1) of Title 28 rather than in section 1346(a) (2), upon which plaintiffs rely. However, consent of the Government to be sued for refund of unlawfully collected taxes is conditioned upon strict compliance with the provisions of sections 7422 (a) and 6532(a) (1), Title 26 Internal Revenue Code. England v. United States, supra, and United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S. Ct. 376, 75 L.Ed. 1025.

Section 7422 of Title 26 U.S.Code provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Section 6532(a) (1) of Title 26 U.S. Code provides:

"No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, * * * ."

■ In respect to the claim for refund of taxes alleged to have been unlawfully collected, I am of the opinion that the motion to dismiss for failure of plaintiffs to state a claim upon which relief can be granted should be sustained. The complaint, as amended, does not allege the essential statutory prerequisites to the right to institute or maintain this action prescribed by the

**3**

above-quoted provisions of the Internal Revenue Code.

In view of 28 U.S.C. § 1653, authorizing amended allegations to cure defective allegations in respect to jurisdiction, the plaintiffs may, within 20 days from this date, amend their complaint in that respect, if they so desire.

Judgment will be entered in conformity herewith.