**Louis ANCEL and Harriet Ancel,
Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America,
Defendant-Appellee.**

**No. 16668.**

United States Court of Appeals
Seventh Circuit.

July 15, 1968.

Ronald M. Glink, Chicago, Ill., for plaintiffs-appellants.

Richard M. Roberts, Meyer Rothwacks, Issie L. Jenkins, Tax Division, U. S. Department of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee; George Faber, Asst. U. S. Atty., of counsel.

Before CASTLE, Chief Judge, and SWYGERT and KERNER, Circuit Judges.

CASTLE, Chief Judge.

Louis Ancel and Harriet Ancel, the plaintiffs-appellants, commenced this action in the District Court seeking to recover a refund of $18,334.66 from the government. Jurisdiction is predicated on 28 U.S.C.A. § 1346(a) (1). The amount sought represents income tax deficiencies assessed against plaintiffs as transferees of Carleton Hotel Corporation and Carleton Motor Inn, Inc. The complaint alleges, *inter alia*, that in August of 1963, the plaintiffs paid to the Internal Revenue Service "the said tax assessment in the sum of $18,334.66 plus interest", and that a claim for refund filed with the District Director on or about April 20, 1966, was disallowed on November 9, 1966. The complaint was filed in the District Court on March 15, 1967.

The District Court granted the government's motion to dismiss the action. The motion is grounded on lack of jurisdiction to entertain the suit because filing of the claim for refund with the District Director was untimely under the provisions of 26 U.S.C.A. § 6511.[1] Plaintiffs appealed.

The principal issue presented on appeal is whether the plaintiffs, being transferees, were required by § 6511 to file their claim for refund within two years from the date the assessment was paid.

Plaintiffs' complaint discloses on its face that their claim for refund was filed more than two and one half years after the payment of the assessment. But plaintiffs contend that the period of limitation specified in § 6511 on filing claims for refund applies only to "taxpayers" and not to "transferees" such as plaintiffs—persons whose claims originate through transferee liability rather than because of primary liability for tax payment. Thus plaintiffs urge that the requirement of § 6511, that in instances where no return is filed, as in the present case, the claim for refund must be filed within two years from the time the tax was paid, does not bar their suit. And, plaintiffs assert that the only conditions precedent to the District Court's entertainment of their suit for refund are that such suit be not instituted prior to six months from the date of the filing of the administrative claim nor after the expiration of two years from the date of the mailing of the notice of its disallowance (26 U.S.C.A. § 6532(a)), and that such suit be brought within six years from the date the cause of action first arose (28 U.S.C.A. § 2401(a)). Plaintiffs point out that such conditions have been met.

Contrary to plaintiffs' premise, we are of the opinion § 6511 applies to their claim. It is fundamental that a suit for a refund of Federal income taxes may not be maintained unless an administrative claim for refund has first been timely made. England v. United States, 7 Cir., 261 F.2d 455, 456. In this connection, 26 U.S.C.A. § 7422(a) provides:

"(a) No Suit Prior to Filing Claim for Refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum al-

---

1. § 6511 provides in pertinent part:

"(a) Period of Limitation on Filing Claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

(b) Limitation on Allowance of Credits and Refunds.—

(1) Filing of claim within prescribed period.—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period."

leged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

And although plaintiffs rely upon 28 U.S.C.A. § 1346(a) (1) [2] as investing the District Court with jurisdiction of the class of suit here involved, they nevertheless in effect ignore the impact of that section by contending that they are not seeking to recover a refund of an alleged overpayment of taxes but a refund of monies collected from them, not as taxes, but because of their liability as transferees. The attempted distinction is not well taken. In United States v. Updike, 281 U.S. 489, 494, 50 S.Ct. 367, 368, 74 L.Ed. 984, the Supreme Court, in addressing itself to the question whether a proceeding against a transferee was one to collect a tax, stated:

> "It seems plain enough, without stopping to cite authority, that the present suit, though not against the corporation but against its transferees to subject assets in their hands to the payment of the tax, *is in every real sense a proceeding in court to collect a tax.* The tax imposed upon the corporation is the basis of the liability, whether sought to be enforced directly against the corporation or by suit against its transferees. The aim in the one case, as in the other, is to enforce a tax liability; * * *." (emphasis supplied)

And here the aim of plaintiffs is to obtain a refund of monies they paid as a "tax" albeit by virtue of their liability as transferees. In any event, to come within the purview of 28 U.S.C.A. § 1346 (a) (1) the action must be one to recover

"taxes". If plaintiffs do not seek to recover monies paid as taxes, they point to no other statute which gives the District Court jurisdiction. And the United States cannot be sued without its consent.

Moreover, plaintiffs' reliance on 28 U.S.C.A. § 2401(a), the general limitations statute applicable to suits against the government, is inapposite. United States v. A. S. Kreider Co., 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447; cf. Eastman Kodak Co. v. United States, 292 F.2d 901, 155 Ct.Cl. 256.

Although read literally § 6511 makes no mention of claims of "transferees", such claims fall within the purpose and scope of the section. There is no basis for assuming that Congress intended that "transferees" should be accorded a preference over other taxpayers insofar as time limitations on the filing of administrative claims for refund are concerned.

■ In our opinion the District Court was correct in concluding that plaintiffs' suit is barred because of their failure to filfill the necessary condition precedent imposed by § 6511—the filing of an administrative claim for refund within two years following payment of the assessment. Such requirement is a prerequisite to invocation of the District Court's jurisdiction to entertain their action. We decline to follow the contrary holding of Jeromer v. United States, S.D. N.Y., 138 F.Supp. 239. We regard *Jeromer* to be erroneously decided. See: 9 Mertens, Law of Federal Taxation (Rev.), Sec. 53:55.

■ Plaintiffs advance an alternative argument to the effect that the time limit for the filing of their administrative refund claim should be held to be of equal duration with the time limit within which the government was authorized to

2. 28 U.S.C.A. § 1346 provides:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; * * *."

make the transferee assessment. We perceive no merit to such contention; it is a non-sequitur. The limitation on assessments is wholly irrelevant to the limitation on claims for refund.

The judgment order of the District Court is affirmed.

Affirmed.