**James Roy BIGGS and Linda T. Biggs, suing on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 2028.**

United States District Court, E. D. Kentucky, Lexington Division.

April 3, 1971.

a stipend of $300 per month from the University to enable him to pursue studies and engage in research. He contends the stipend was not given as compensation for services rendered, and qualifies as a fellowship grant within the meaning of section 117 of the Internal Revenue Code of 1954. It is argued that the $300 monthly grant should have been excluded from Bigg's income for the years·of 1966, 1967, 1968 and the first six months of 1969.

In addition to bringing this suit in their own behalf, plaintiffs seek to represent a class of 300 unnamed·persons who were similarly situated as resident physicians at the University Hospital.

On April 12, 1968, plaintiffs filed a claim for refund of $166 (representing the amount of taxes assessed on the stipend for the taxable year of 1966) which was disallowed by the Regional Commissioner of the Internal Revenue Service on April 11, 1969. It does not appear, and it has not been alleged that plaintiffs filed a claim for refund of taxes paid in 1967 or 1968.

The government has made a motion to dismiss and a motion to strike.

The crux of this case is whether the court can properly have jurisdiction over these matters. The government correctly asserts that district courts have limited jurisdiction only, and that it (the government) cannot consent to be sued unless certain explicit statutory prerequisites have been fulfilled. Section 7422 of 26 U.S.C. provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed* with the Secretary or his delegate, according to the provisions of law in that regard. * * *" (Emphasis added.)

---

Turley, Tackett, Savage & Moore, by Joe C. Savage, Lexington, Ky., for plaintiffs.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

### MEMORANDUM AND ORDER

SWINFORD, District Judge.

Plaintiffs, James Biggs and Linda Biggs, initiate this action pursuant to section 1346(a) (1) of Title 28, United States Code against the United States of America for recovery of income taxes which allegedly were illegally and erroneously assessed. Plaintiff, James Biggs, was, between July 1, 1966, and the date of the filing of this suit, a resident physician with the University of Kentucky Hospital. As such Biggs received

 

It is the government's contention that because no claim for refund has been filed for the years 1967 and 1968, as section 7422 specifies must be done, this court cannot have jurisdiction over tax disputes arising in those years. In Farmer v. Hooks, 194 F.Supp. 1 (E.D.Ky.1961), the court dismissed the action where the plaintiff had failed to allege that a claim for refund had been made. Plaintiffs distinguish Farmer v. Hooks urging that they already have jurisdiction to be heard for one tax year (1966), that the purpose of the provision is simply to give notice of the claims asserted to the collector, and that such notice has been given as identical grievances are alleged for the subsequent tax years of 1967 and 1968. This is a logical expostulation, but does not negate nor satisfy the requirements stated in section 7422.

Section 7422 sets out certain mandatory prerequisites which must be pleaded in order to gain the right to institute an action under 28 U.S.C. section 1346(a) (1). The plaintiffs have not stated in their complaint that they have met these requirements for 1967 or 1968, consequently this court cannot have jurisdiction for disputes occurring in those years. See United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931), where plaintiffs' judgment was reversed for failure to file claim for refund, and England v. United States, 261 F.2d 455 (7 Cir. 1958) where the court held that the complaint failed to state a claim upon which relief could be granted because taxpayer failed to timely file a claim for refund.

■ Plaintiffs argue that they do not seek a tax refund for the similarly situated resident physicians. On the contrary, they only wish to be decided, as to the other resident physicians, the precise issue of whether the stipends received in 1966, 1967, 1968 and 1969 were in fact fellowship grants. This would require the court to deliver a declaratory judgment. Section 2201 of Title 28 U.S. C. expressly precludes courts of the United States from issuing declaratory judgments with respect to tax questions:

"In a case of actual controversy within its jurisdiction, except with respect to Federal Taxes, any court of the United States * * * may declare rights * * * of any interested parties * * *."

See Murphy v. Graves, 120 F.2d 243 (6 Cir. 1941) where the requested declaratory judgment was denied, see also Farmer v. Hooks, supra; England v. United States, supra; and Wilson v. Wilson, 141 F.2d 599 (4 Cir. 1944).

Whether the resident physicians seek a declaration determining the nature of the $300 stipend, or whether they affirmatively seek a tax refund it is clear that they cannot come within the jursdiction of this court in this particular case.

Motion to dismiss is granted as to all claims arising out of the tax years of 1967, 1968 and 1969.