**Dortch L. BRADFORD, Plaintiff,**

v.

**The UNITED STATES of America, et al., Defendants.**

**Civ. A. 81–A–717.**

United States District Court, D. Colorado.

Nov. 5, 1981.

Dortch L. Bradford, pro se.

Angelo I. Castelli, Atty., Dept. of Justice, Tax Div., Washington, D. C., for defendants.

### MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

ARRAJ, District Judge.

The original complaint in this action was filed on May 8, 1981 by Dortch L. Bradford, Winthrop D. King and Foster Wolfe as plaintiffs vs. G. L. Mihlbachler, et al., and the Internal Revenue Service, defendants.

On May 20, 1981, King and Wolfe filed motions to withdraw as plaintiffs; those motions were granted. Bradford then filed an amended complaint, naming the United States of America, et al., defendants.

The matter is now before the court on the motion of G. L. Mihlbachler, District Director of the Internal Revenue Service, and the United States of America to dismiss the amended complaint on the following grounds: (1) the court lacks jurisdiction over the subject matter; (2) the complaint fails to state a claim upon which relief can be granted; and (3) because of the doctrine of sovereign immunity.

Plaintiff received notification of a Federal Tax Lien Under Internal Revenue Laws (IRS Form 668) apprising him that there was a tax lien in favor of the United States against his assets for the purpose of collecting the assessed income tax deficiency in the amount of $1,334.21 covering the taxable period ending December 31, 1978. Subsequently, he paid the IRS the entire deficient amount, and now argues (1) that his payment was erroneous; (2) that his constitutional rights have been violated; (3) that his membership in a religious order qualifies him as one exempt from the obligation to pay income taxes; and (4) that the tax assessment notice is now a claim for refund for the alleged erroneous excise tax payment.

■ The court views and examines Bradford's amended complaint by a less strict standard than a complaint drafted by a trained lawyer; he is appearing pro se. *Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972).

■ Plaintiff asserts that his payment to the IRS for the satisfaction of an income tax deficiency assessment of $1,334.21 was erroneous because those taxes were in fact excise taxes. This is clearly an inaccurate understanding of the meaning of an excise tax. An excise tax is imposed by the federal government upon those persons or entities that occupy a special privileged status such as a corporate franchise, a special vocation or occupation; it requires a very specific status. *Abney v. Campbell*, 206 F.2d 836, 839 (5th Cir. 1953), *cert. denied*, 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417 (1954). Some examples of excise taxes are taxes upon liquors and wines and various manufactured goods which are introduced into commerce. See *Overseas Mailman, Inc., v. United States*, 326 F.Supp. 172, 176 (D.C.N.J.1971). See also *Creme Manufacturing Co. v. United States*, 492 F.2d 515, 519 (5th Cir. 1974).

■ Bradford has not demonstrated that he occupies such a status, nor does the record reflect that he occupies a privileged status that would be of the type which would be subject to the imposition of an excise tax.

Therefore, I must conclude that Bradford's assertion that the taxes he paid were excise taxes, resulting in an erroneous payment, is without merit. The taxes he paid were income taxes which were properly due to the Internal Revenue Service pursuant to its constitutional and statutory powers.

■ Plaintiff has combined his excise tax argument with his claim for a refund. He asserts that the Federal Tax Lien (Form 668) that he received from the Internal Revenue Service is representative of his claim for a refund. But this assertion fails to satisfy the statutory conditions required by § 7422(a) of the Internal Revenue Code of 1954. The relevant portion reads as follows:

*No suit prior to filing claim for refund.* No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

As to that claim, Bradford has not shown that a refund claim was ever filed; there-

fore, this court lacks subject matter jurisdiction. The claim must be dismissed for failure to state a claim upon which relief can be granted. *Kreiger v. United States*, 539 F.2d 317, 320 (3rd Cir. 1976); Accord, *United States v. Rochelle*, 363 F.2d 225, 231 (5th Cir. 1966); *Essex v. Vinal*, 499 F.2d 226, 231 (8th Cir. 1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975); see also *England v. United States*, 261 F.2d 455 (7th Cir. 1958).

With respect to plaintiff's claim that he is exempt from federal taxation because of his membership in a religious order, there is nothing in the record that supports this assertion. An application must be filed with, and approved by, the Internal Revenue Service for federal tax exempt status as a religious organization. There is no evidence of any application or its denial in the record. He alleges no facts to support the bald assertion that his First Amendment right of religious freedom has been violated. This portion of his claim must be dismissed for failure to state a claim upon which relief can be granted.

Finally, defendant contends that it cannot be sued without its consent. I agree. In the instant case, the United States could only be sued if Bradford had complied with the requirements of § 7422(a) of the Internal Revenue Code of 1954. *United States v. Chicago Golf Club*, 84 F.2d 914 (7th Cir. 1936). This he did not do. It is therefore

ORDERED that defendants' motion to dismiss the amended complaint is granted; and it is further

ORDERED that the cause of action and all claims for relief shall be, and hereby are, dismissed. No costs will be assessed.