**Matter of Harvey MIGHELL and Florence Mighell, Bankrupts.**

**No. 900–B–4.**

United States District Court
D. Kansas.

Dec. 30, 1958.

Claude L. Rice and Clarence H. Wood (of Rice, Martin & Loughbom), Kansas City, Kan., for bankrupts.

Wilbur G. Leonard, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., for the Government.

STANLEY, District Judge.

On April 30, 1953, the bankrupts instituted a proceeding for an arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. Subsequently, on July 9, 1956, the debtors were adjudicated bankrupts and on November 5, 1956, a general order of discharge was entered. There was no objection made to the granting of the discharge.

The United States filed proofs of claims for taxes for the years 1944, 1945, 1946 and 1951. The total assessment was $165,961.87. The assessment list was received by the District Director on December 24, 1952. An additional assessment was made on February 16, 1953, against Harvey Mighell for the year 1945, and against Harvey Mighell and Florence Mighell for the years 1947, 1949 and 1951 in the sum of $7,763.42, including penalties and interest. This assessment list was received by the District Director on February 17, 1953. After demands were made, notices of tax liens were filed on January 2, 1953, February 21, 1953, and February 25, 1953, in accordance with the federal and state law.

The parties agree that as of the date of bankruptcy the tax deficiency regularly assessed against the bankrupts was $78,312.26, and that interest had accrued thereon to the date of bankruptcy in the amount of $26,931.55, making a total of $105,243.81. In addition, the United States claims a penalty under § 293(b) in the sum of $46,798.38. These penalties were included in the assessments made and for which lien was properly filed prior to bankruptcy. In addition thereto, the United States asserts a penalty of $14,132.62 under § 294(d), but concedes that the lien for this penalty was not filed until after bankruptcy and is not therefore chargeable against the estate. The interest alleged to have accrued since bankruptcy, and as of December 31, 1956, is in the sum of $59,671.04.

The United States of America through the United States Attorney for the District of Kansas has petitioned the court for review of the order of the referee, which denied the United States' claims with respect to the recovery of post-bankruptcy interest and to the recovery

of the entire amount of penalties. The order stated that the taxes and interest accrued thereon to the date of bankruptcy in the amount of $105,243.81 was an allowable claim; that the penalty in the sum of $46,798.38 was allowable, but only to the extent of the value of the security; and that the penalties and post-bankruptcy interest were discharged by the general order of discharge and do not survive bankruptcy, so that the United States was not entitled to a deficiency judgment.

The referee, in permitting the claim of the United States for the penalty which was included in the lien perfected prior to the filing of the petition in bankruptcy, relied upon Grimland v. United States, 10 Cir., 1953, 206 F.2d 599. The court in that case was concerned with the question of whether a claim for penalties imposed under the provisions of § 293(b) of the Internal Revenue Code, 26 U.S.C.A. § 293(b) (26 U.S.C.A. § 6653(b)) was allowable in bankruptcy when secured by a lien perfected before adjudication. The question arose because of § 57, sub. j of the Bankruptcy Act [11 U.S.C.A. § 93, sub. j], which provides in substance that debts owing to the United States as penalties are not to be allowed, except for the amount of the pecuniary loss sustained by the act giving rise to the penalty. A lien for the "penalty-debt" is provided by 26 U.S.C.A. § 6321. The court stated at page 601: "It may well be that Congress had in mind that claims for tax penalties should not be allowed in bankruptcy, even though a lien has been perfected before adjudication, but the language of § 57, sub. j does not adequately express that intent. We therefore hold that the claim may be enforced *to the extent of the lien.*" (Emphasis added.) This court is bound by the decision of the Court of Appeals for the Tenth Circuit, and the penalty must be allowed to the extent that it is a secured claim and to the extent of the lien.

The Grimland opinion cited two other Circuit Court decisions permitting the claim for the penalties to be asserted: In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979, which stated that where a lien existed to support a tax penalty at the time of adjudication, § 57(j) would not be operative to prevent the penalty from being allowed, and Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., 6 Cir., 139 F.2d 266, which agreed with the construction of the statute adopted in the Knox case.

In In re John S. Goff, Inc., D.C.Me. 1955, 141 F.Supp. 862, 864, the court permitted a claim for tax penalties to be allowed where the notice of the tax lien had been properly recorded prior to the filing of the petition in bankruptcy. The court cited In re Burch, D.C.Kan.1948, 89 F.Supp. 249, as disagreeing with the Knox case because the Knox decision was based on the provisions of § 67(d) of the Bankruptcy Act of 1938 which had been repealed by the Chandler Act. The court did not believe that the construction of the statute in the Burch decision was proper and that the Supreme Court had approved the construction announced in the Knox case, citing Goggin v. Division of Labor Law Enforcement of Cal., 1949, 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543. The court also noted that in the amendment to the Bankruptcy Act in 1952, which affected § 57(j), Congress must have known of the judicial construction given to § 57(j) by the Knox and Farmers Bank cases. "Thus, in the interpretation of statutory law after an amendment thereof, the courts may take into consideration the construction by earlier decisions of the statute before its amendment * * *. Accordingly, if the Congress at the time it amended Sec. 57, sub. j had not been satisfied with the interpretation placed upon it by Knox-Powell-Stockton and cases following it, undoubtedly Congress would have said so."

In In re Urmos, D.C.E.D.Mich.1955, 129 F.Supp. 298, 299, the court considered the 1952 amendment of § 57(j) and concluded that the change was not sub-

814

stantial but merely clarified the amount of the debt upon which interest was to be allowed. "No doubt Congress was mindful of the construction placed on Section 57, sub. j by In re Knox-Powell-Stockton Co. and Commonwealth of Kentucky ex rel. Unemployment Compensation Commission v. Farmers Bank & Trust Co., supra, which did not bar penalties supported by liens perfected prior to bankruptcy. This conclusion is strengthened by Grimland v. United States * * *."

Although there are other district court decisions which have not followed the Grimland case, this court is bound by that decision. The penalty may be enforced to the extent of the lien, as provided by Grimland, which would preclude a deficiency judgment for any amount of the penalty not satisfied out of the property.

■ The United States is claiming interest on its claims until the date of payment. This court has held that interest will be allowed only to the date of bankruptcy, reversing an order of the referee which would have allowed interest until the date of payment. In re Haynes, D.C. Kan.1948, 88 F.Supp. 379. The court in the Haynes case had deferred its decision until the Supreme Court had decided City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, and on the authority of that case held that the United States was entitled to interest only to date of bankruptcy. See also State of New York v. Feinberg, 2 Cir., 1953, 204 F.2d 502; United States v. General Engineering & Mfg. Co., 8 Cir., 1951, 188 F.2d 80, affirmed 1952, 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682; In re Lykens Hosiery Mills, D.C.S.D.N.Y.1956, 141 F.Supp. 895; In re Industrial Machine & Supply Co., D.C.W.D.Pa.1953, 112 F.Supp. 261; United States v. Edens, 4 Cir., 1951, 189 F.2d 876.

■ The rule barring interest beyond the date of filing of the petition is not absolute and three exceptions have been recognized: (1) where the estate of the debtor is sufficient to pay all his debts, including interest, interest may then be allowed to the date of payment; Brown v. Leo, 2 Cir., 1929, 34 F.2d 127; (2) where income accrues on the security after bankruptcy it may be applied to interest on the debt accruing after such date (Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244), and (3) where the value of the security exceeds the amount of the debt the court may allow such interest as will amount to "a balance of equities between creditor and creditor or between creditors and the debtor," but in no event to exceed the value of the security (Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, 241, 91 L.Ed. 162). Since the United States is not claiming to come under these exceptions, the stated "general rule" would appear to resolve this issue.

However, the United States asserts that it is not seeking to obtain the post-bankruptcy interest out of the estate of the bankrupt. Rather it contends that it is entitled to a deficiency judgment providing for interest to the date of payment. This contention is without merit. By the provisions of § 17 of the Bankruptcy Act, a discharge will release the bankrupt from all provable debts with certain exceptions, among which are debts due "as a tax levied by the United States." 11 U.S.C.A. § 35. There is nothing in this section to indicate that interest was to be excepted from the discharge or that penalties were excepted. Only taxes are excepted. It has been held that interest or penalties accruing on delinquent taxes are distinct from the tax proper. De Laney v. City and County of Denver, 10 Cir., 1950, 185 F.2d 246.

The findings and conclusions of the referee are approved and the order of the referee is affirmed. Counsel for the bankrupts will prepare appropriate order.