Clifford E. CHRISTENSON and Robert M. Currie, Plaintiffs,

v.

Lynn R. BRODRICK, District Director of Internal Revenue of the U. S. Treasury Department, Defendant.

No. T-1227.

United States District Court
D. Kansas.

Jan. 15, 1959.

Arthur F. Davis, Topeka, Kan., for plaintiffs.

Wilbur G. Leonard, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts and C. Stanley Titus, Dept. of Justice, Washington, D. C., on brief), for defendant.

STANLEY, District Judge.

By this action, plaintiffs seek to have determined their liability, if any, with respect to taxes and interest and penalties which the Director of Internal Revenue claims have accrued.

The plaintiffs had been doing business as a partnership under the name of Topeka Packing Company and on August 19, 1952, were declared bankrupt, both individually and as a partnership. The first meeting of creditors was held September 25, 1952, and in December, 1952, a claim for taxes was filed by the de-

fendant, was allowed, and was later paid in full from the assets of the estate. On April 17, 1953, another claim for taxes was filed by the defendant and was disallowed by the referee because it had not been filed within six months from the date of the first meeting of creditors.

On May 11, 1953, the plaintiffs were discharged in bankruptcy from all debts and claims which are provable under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., except those excepted from discharge by the Act. The defendant is now attempting to collect this disallowed claim and has notified the plaintiffs that levy would be made unless payment was made.

What is the relief that the plaintiffs seek? By paragraph 4 of their complaint it appears that they ask for declaratory relief:

> "This suit is brought to determine the liability, if any, of the plaintiffs for the additional interest and interest penalties in the sum of $1610.97, * * * and to restrain the Director of Internal Revenue from levying upon the property owned by the plaintiffs to satisfy their claims."

By their own admission the plaintiffs are seeking declaratory relief, and a declaratory judgment action would be governed by the statute creating this right and form of relief, 28 U.S.C.A. § 2201. This statute provides in part:

> "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes,* any court of the United States * * * may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
>
> * * * " (Emphasis supplied.)

Declaratory relief may not be had in a case of actual controversy "with respect to Federal taxes."

The Court of Appeals of the Tenth Circuit, dealing with a similar problem, held that such an action cannot be maintained by the taxpayer. Taylor v. Allan, 10 Cir., 1953, 204 F.2d 485, 486. In this case the taxpayer brought an action for de-

claratory relief, seeking to have certain assessments of federal income taxes, penalties and interest declared null and void as barred by the statute of limitations. The trial court held that the action was one with respect to federal taxes and could not be maintained. The plaintiff argued that the exception was not applicable because the statute of limitations bars the assessment and collection of the taxes unless fraud has been established. The court held the contention to be without merit and stated:

> "It is manifest that the very purpose of the action is to obtain a decree declaring certain assessments of federal income taxes, penalties and interest to be null and void upon the ground that they are barred by the statute of limitations. The limitation is not applicable in case of false or fraudulent returns with intent to evade taxes or of failure to file a return. 26 U.S.C.A. § 276(a). *Any controversy growing out of the allegations of the complaint could relate only to federal taxes and the liability therefor.* It is not sufficient to say that the controversy relates only to procedure in the method of collection when the decree prayed for would not only affect, but would prevent, the collection of federal taxes which the collector claims are due and owing. *The action is, therefore, one 'with respect to Federal taxes' as contemplated by the Declaratory Judgments Statute."* (Emphasis supplied.)

It is true that in the Taylor case there apparently was no request that the Director of Internal Revenue be enjoined from collecting the tax. Aside from that feature, it appears that the Taylor case and the present case should be governed by the same rule even though the plaintiffs here did not state specifically that they were bringing an action under the Declaratory Judgments Act. 28 U.S.C.A. § 2201. See Martin v. Andrews, 9 Cir., 1956, 238 F.2d 552, where the court refused to permit declaratory relief when allegedly unconstitutional taxes were in-

volved, and construed the complaint as seeking declaratory relief although not specifically requested.

■ The plaintiffs in this case seek to enjoin the Director from collecting the tax, interest and penalties assessed. If the tax claim asserted by the defendant were clearly illegal, or if there existed other special circumstances of unusual character making an appeal to equitable remedies appropriate, then under the authority of National Foundry Co. of New York v. Director of Internal Revenue, 2 Cir., 1956, 229 F.2d 149, 150, it would be possible to enjoin the collection of the tax. In the National Foundry case a bankruptcy referee had confirmed a plan of arrangement. The confirmation order expressly provided that the United States was precluded from asserting any claim against the Foundry for penalties and interest other than those already allowed (denying post-bankruptcy interest and penalties). The Foundry moved to enjoin the Director from taking any steps to collect these taxes; the Director moved to set aside the order of confirmation or in the alternative to strike out the restraining order. The referee allowed the Director's motion to strike the restraining order and denied the Foundry's motion; on petition for review the referee was affirmed. On the Foundry's appeal the court found the question to be "whether or not there are any penalties or interest now due the government," and *not* whether the tax assessment and interest thereon are legally collectable. The court then considered City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, and found that there could be no post-bankruptcy interest or penalties. The court said in the National Foundry case:

'Naturally there is extensive controversy as to when the special circumstances exist, and the issue appears to have been frequently litigated. As we have indicated, this at present posture seems to us just such a clear case of an attempt to collect an illegal or nonexistent tax claim. But if we are wrong, the matter is capable of easy, expeditious, and certain determination. If the appellee herein [Director] files a petition for certiorari for review of our present decision and we are found to be in error, he has surely not been harmed, especially since the provisions of our Rule 28(c) permit him to apply for a stay of our mandate during the pendency of his petition. On the other hand, * * his threatened levy is very deleterious to the reorganized corporation in the event we are correct."

■ This court has held that, with certain exceptions not material here, interest does not accrue after bankruptcy. In re Mighell, D.C.Kan.1958, 168 F.Supp. 811; In re Haynes, D.C.Kan.1949, 88 F.Supp. 379. The claim asserted by the Director in the present case includes post-bankruptcy interest. It would appear therefore that the defendant is attempting to enforce the payment of invalid charges.

■■ The bar of Title 26 U.S.C.A. § 7421(a), however, prevents the maintenance of a suit for the purpose of restraining the assessment or collection of any tax unless extraordinary or unusual circumstances warrant the intervention of a court of equity. The Court of Appeals of this Circuit has held that the invalidity of the tax sought to be collected does not "constitute such extraordinary circumstances as will support an injunction action to enjoin the collection thereof." Voss v. Hinds, 10 Cir., 1953, 208 F.2d 912, 913.

■ The plaintiffs are not without an adequate remedy. They may either pay the amount claimed by the Director and sue for its recovery, or bring suit in the Tax Court challenging the validity of the assessment. Graham v. du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965.

Judgment will be for the defendant.

Counsel will present an appropriate order.