**Emily B. HENSHEL, as Co-Executrix of the Estate of Arde Bulova, Deceased, Plaintiff,**

**v.**

**Louise B. GUILDEN, as Co-Executrix of the Estate of Arde Bulova, Deceased, and as Co-Trustee of the Joseph Bulova School Trust, James S. Amzalak, Joseph P. Catera and Leonard S. Leaman, as Co-Trustees of the Joseph Bulova School Trust, Defendants.**

**No. 68 Civ. 4897.**

United States District Court
S. D. New York.

March 4, 1969.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiff; Simon Rose, Reginald Leo Duff, New York City, of counsel.

Lord, Day & Lord, New York City, for defendants; Leonard S. Leaman, Edwin R. Alley, New York City, of counsel.

McGOHEY, District Judge.

The defendants have moved pursuant to Fed.Civ.Rule 12 to dismiss this declaratory judgment action or alternatively, pursuant to Fed.Civ.Rule 65, to enjoin its prosecution until after determination of a related proceeding now pending in the Surrogate's Court, New York County. The amount in controversy exceeds $10,000 and the parties are of diverse citizenship.

The ultimate issue between them is whether a federal income tax deficiency claim which the Internal Revenue Service (IRS) has filed in the Surrogate's Court against the Estate of the late Arde Bulova (Estate) should be paid out of Estate funds or those of the Joseph Bulova School Trust. The plaintiff, who is one of the executrices as well as one of the trustees of the Trust, seeks a judgment declaring that the latter is liable for the tax and directing payment thereof from its funds or, if prior to entry of such judgment, payment has already been made out of Estate funds, whether or not pursuant to an order of the Surrogate, a judgment declaring that the Trust is liable to the Estate for the amount of such payment plus the latter's expenses including counsel fees; and directing the defendant trustees to reimburse the Estate for the total amount.

The material allegations of the complaint, which on this motion must be taken as true, together with the unchallenged statements in the several affidavits submitted by the parties on this motion, show that the transactions giving rise to the tax deficiency claim, its non-payment and the resultant litigation, are as follows. In October 1957 the late Arde Bulova, for reasons not presently material, decided to dispose of his stock in Investors Inter-Continental Corporation (Investors). The defendant Amzalak undertook to make $1,100,000 immediately available to a corporation he would organize so that it might promptly purchase all of Arde Bulova's stock in Investors for cash. It was a condition of Amzalak's offer that if the new corporation realized more than $1,100,000 on final liquidation of Investors' assets, the excess would be held for the benefit of the Joseph Bulova School of Watchmaking. Amzalak, on or about October 16, 1957, organized Orbis Trade and Financial Company (Orbis) which on or about October 30, 1957, paid Arde Bulova $1,100,000 cash for all of his Investors stock. Investors was thereafter dissolved. By the end of September 1963 substantially all of the former assets of Investors had been liquidated by Orbis for an amount approximately $900,000 more than it had paid Arde Bulova for his stock. In October 1963 Orbis transferred the $900,000 to the Joseph Bulova School Trust which Amzalak had created.

Three of the five trustees of that trust are Amzalak, the instant plaintiff, Henshel, and the instant defendant Guilden. The latter two are also the executrices of the Estate. Arde Bulova died March 18, 1958. His will was admitted to probate on May 2, 1958. The attorneys for the Estate were then and are now Phillips, Nizer, Benjamin, Krim & Ballon, Esqs., who are also the attorneys for the plaintiff.

In November 1963 IRS proposed an assessment of $239,176.98 plus interest against the Estate "as a transferee of the assets of [Orbis] * * * who (sic) is a transferee of [Investors] * * * for income taxes for the period October 1, 1957–November 30, 1957. * * * *" (Complaint Ex. C.) Lord, Day & Lord, Esqs. were retained to represent the Estate in connection with the proposed

assessment. After conferences and negotiations which were carried on for more than a year the executrices, on advice of Lord, Day & Lord, Esqs., on April 28, 1965, severally signed and executed Treasury Form 870–AD offering to waive "restrictions on assessment, and collection of deficiency in tax * * " in the amount of $140,273.83 on behalf of "Estate of Arde Bulova, Transferee of the Assets of [Orbis], Transferee of the Assets of [Investors]." On September 14, 1965, IRS filed a claim for this amount against the Estate in the New York Surrogate's Court.

The plaintiff, asserting that she signed the above Form 870–AD under a misapprehension of the facts and applicable law, has refused to join her co-executrix, the defendant Louise B. Guilden, in paying the tax claim.

On November 14, 1968, Louise B. Guilden, by Lord, Day & Lord, Esqs., commenced the related Surrogate's Court proceeding seeking an order directing the executrices of the Estate to forthwith pay the IRS claim.

On December 9, 1968, Emily B. Henshel as Co-Executrix of the Estate, by Phillips, Nizer, Benjamin, Krim & Ballon, Esqs., commenced the instant action against her co-executrix and the other trustees of the Joseph Bulova School Trust who are represented by Lord, Day & Lord, Esqs. IRS is not a party here.

The defendants urge dismissal on two grounds. The first is that this action seeks a declaratory judgment "with respect to Federal taxes" and is, therefore, beyond the jurisdiction conferred on this court by Title 28, section 2201 U.S.C. The contention is rejected. The court is not being asked to declare whether any tax is due the United States or, if so, how much, but only which of two entities is liable for the otherwise unchallenged assessments. The mere circumstance that a Federal tax assessment is a material element here does not bring this action between private parties within the statute's exception. Indeed this would be so even if IRS were the defendant here. Bullock v. Latham, 306 F.2d 45 (2 Cir. 1962). Bullock, a taxpayer, sought a declaratory judgment that property which the government had seized and sold was *his* and should be credited to *his* tax liability rather than to that of his corporation as the government had done. The exception of section 2201 was held inapplicable. There the court said, 306 F.2d p. 48, the "exception sufficiently serves its purpose if limited to controversies involving tax liabilities of parties qua taxpayers and if not construed as foreclosing declaratory judgment relief to persons claiming an interest in property levied upon to satisfy the tax obligations of another."

The second ground urged for dismissal is that the action "does not involve a 'case' or 'controversy' within the purview of the Declaratory Judgment Act." This is also rejected. We have here, surely, an adversary proceeding of the kind the Supreme Court found appropriate for a declaratory judgment action, in Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Alabama State Federation of Labor, etc., v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945) and Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), cited by the defendants, are clearly distinguishable.

The motion to dismiss the complaint will be denied.

There remains for consideration the motion to enjoin prosecution of this action until after determination of the proceeding in the New York Surrogate's Court brought by the defendant Guilden to compel her coexecutrix, the plaintiff, to join in paying the IRS tax claim. No reason appears why this action should be stayed. Its prosecution will not interfere with the Surrogate's Court proceeding. In all probability the latter will be determined before this case but that result, whatever it may be, will not determine the issue posed in this action.

There has been no showing, nor indeed any claim of irreparable injury to the defendants or any of them, if this action proceeds, and it is by no means clear that the defendants will prevail here. Accordingly, in the exercise of discretion, the motion for injunction will be denied.

The foregoing memorandum constitutes the court's findings and conclusions.

The motion to dismiss the complaint is denied and it is So Ordered.

The motion to enjoin prosecution of this action is denied and it is So Ordered.

These constitute the court's orders on each motion. No further orders need be submitted.