The **MASTAN COMPANY, Incorporated,** a Delaware corporation, Plaintiff,

v.

**A. L. JACKSON, Jr., Verna M. Jackson, Individually and as Executor of the Estate of A. L. Jackson, Sr., Deceased, Defendants.**

No. 69 C 525.

United States District Court, N. D. Illinois, E. D.

Jan. 29, 1971.

Sheldon Karon, Stephen C. Shamberg, Friedman, Koven, Shapiro, Salzman, Koenigsberg, Specks & Homer, Chicago, Ill., for plaintiff.

Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, Chief Judge.

The defendants move to dismiss this action. For the reasons stated below, this court is of the opinion the motion should be denied and, further, that these proceedings should be stayed until the plaintiff's settlement negotiations with the Internal Revenue Service (I.R.S.) are completed.

Count I of this two-count complaint alleges that the defendants breached certain warranties concerning the accounting practices of the A. L. Jackson Company. These warranties were allegedly made by the defendants pursuant to the sale of assets and stock of that corporation to the plaintiff's predecessors in interest. Jurisdiction is based upon diversity of citizenship. Count II alleges that the foregoing conduct also constituted misrepresentations of material facts in connection with the sale of securities, violative of Section 10(b) of the Securities Exchange Act of 1934, 15 U. S.C. § 78j(b), and Rule 10b–5 promulgated thereunder. The accounting practices undisclosed and/or misrepresented by the defendants, providing the bases for both counts, resulted in a $435,943.-37 deficiency assessment by the I.R.S. against the A. L. Jackson Company for which the plaintiff is liable. The affidavit of the plaintiff's accountant, Harvey L. Coustan, states that negotiations between the plaintiff and the I.R.S. concerning accounting adjustments which might reduce the deficiency assessment against the A. L. Jackson Company are currently pending.

The defendants base their motion to dismiss on two grounds. First, they claim that the plaintiff has not shown that it has been damaged by their alleged misrepresentations since no deficiency assessment has yet been paid. However, viewing the allegations of the complaint as true for the purposes of this motion, the plaintiff has already sustained a loss of $20,000 for accounting fees as a result of the undisclosed accounting irregularity, and will suffer further damages as a consequence of the deficiency assessment. While the precise amount of the plaintiff's losses is not presently ascertainable due to the pending I.R.S. negotiations, which might reduce its damages, it is certain and not speculative that the plaintiff has been injured by the defendants' conduct. *Cf.*, Classic Bowl, Inc. v. A M F Pinspotters, Inc., 403 F.2d 463, 467 (7th Cir. 1968).

Secondly, the defendants contend that this is an action seeking a declara-

tory judgment with respect to federal taxes, and is therefore barred by 28 U. S.C. § 2201. Although damages in this action will be directly affected by the ultimate determination of the plaintiff's tax liability by the I.R.S., this action is one for breach of warranties and fraud in the sale of securities and corporate assets. This is not an action to confer tax liability upon the defendants; the bringing of this suit " * * * is an act of independent legal significance .* .* *" which does not fall within the statutory prohibition. Stern & Company v. State Loan and Finance Corporation, 205 F.Supp. 702, 706 (D. Del.1962).

The complaint is therefore legally sufficient and, in the interests of justice, this court will stay all proceedings in this matter until the pending settlement negotiations between the plaintiff and the I.R.S. are completed. Stern & Company v. State Loan and Finance Corporation, *supra*.

It is therefore ordered that the motion to dismiss be, and it is hereby denied.

It is further ordered that these proceedings be, and they are hereby stayed until further order of this court.