**Edward DeJULIS, Petitioner,**

v.

**Donald ALEXANDER, Commissioner of Internal Revenue Service, Respondent.**

**No. C74–200.**

United States District Court,
D. Wyoming.

May 16, 1975.

Edward DeJulis, pro se.

James Shepard, U. S. Dept. of Justice, and Clarence A. Brimmer, U. S. Atty., D. Wyoming, for respondent.

## MEMORANDUM OPINION

KERR, District Judge.

This action was filed by the plaintiff, a "taxpayer," seeking injunctive and declaratory relief, the controversy arising from plaintiff's disagreements or doubts regarding the validity of the federal income tax system and the currency system presently utilized in this country. In what might be termed a full-scale attack, plaintiff makes many allegations including but not limited to the following:

(a) That Congress has impermissibly delegated its powers to coin money to the Federal Reserve System, which it is claimed, is dominated by the "Rockefeller-Rothschild type of banker;"

(b) That the currency presently employed is not "lawful money" inasmuch as the Federal Reserve Board has "stolen the silver and gold backing," thus rendering such currency the "fraudulent securities of a bankrupt system."

(c) That if he were to fill out and return a Form 1040, such an action would be in violation of certain constitutional rights, including the rights against self-incrimination and unreasonable searches; and, if he were to file a federal tax return, he would be committing perjury inasmuch as he has not received sufficient "Constitutional dollars."

Plaintiff further alleges, in essence, that any payments in the form of taxes by him would be in violation of the Constitution inasmuch as such payments would go to "enemies of the United States and those Representatives and Senators who have and are committing treason by supporting the enemy of the United States, the anti-American Internal Revenue Service." In his prayer for relief, plaintiff seeks, inter alia, a declaratory judgment declaring that the same is not barred by statute where the matter in controversy concerns federal taxes; that, certain constitutional liberties are "still in effect despite the Internal Revenue Code," and, that the Court enjoin alleged harassment of plaintiff by employees of the Internal Revenue Service.

Defendant has filed a Motion to Dismiss or for Summary Judgment premised on the grounds that the action is barred by the doctrine of sovereign immunity; that, the Court lacks jurisdiction under the statutes alleged by plain-

tiff; and, that declaratory and injunctive relief are not available to plaintiff under the circumstances. Plaintiff has entered his resistance to the motion for summary judgment together with his memorandum of supporting authorities.

The Court, there having been offered matters outside the pleadings, treats the motion to dismiss for failure to state a claim as a motion for summary judgment. See American Security Co. v. Hamilton Glass Co., 254 F.2d 889 (7th Cir. 1958). To be sure, it has been said that it is unimportant how the motion is denominated, Ryan v. Scoggin, 245 F.2d 54 (10th Cir. 1957); however, the more technically correct denomination here would be a motion for summary judgment. Contrary to allegations by the plaintiff, the procedure of summary judgment does not deny or violate his rights to a jury trial, especially where the only issues are questions of law. See Ex Parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920); Fidelity & Deposit Co. of Maryland v. United States, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902). It is the duty of this Court to follow the decisions of the Supreme Court. Nevertheless the Court recognizes that a party seeking summary judgment bears a heavy burden, albeit not an impossible one; and, that the Court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 494 F.2d 168 (10th Cir. 1974). The Court finds no genuine issues as to any material facts in the action at bar so as to preclude entry of summary judgment.

This action arises essentially from plaintiff's federal tax controversies. The plaintiff seeks a declaratory judgment in regard to his tax liability and other related matters. The Declaratory Judgment Act, 28 U.S.C. § 2201, permits entry of a declaratory judgment "except with respect to Federal taxes." See 9 Mertens, Law of Federal Income Taxation § 49.224 (1971) and the many cases cited therein. Where a complaint can be construed as seeking such relief, that relief will not be granted. See Christenson v. Brodrick, 169 F.Supp. 388 (D.C.Kan.1959). It is clear that the relief sought here by DeJulis is barred by the words of the Act and by decisions of the Court, including those of the Supreme Court. It is clear that plaintiff does not come within any exception to this rule. Plaintiff's other sought-after relief, albeit in other forms, likewise relate to federal taxes and are similarly barred.

Plaintiff further seeks to enjoin conduct and acts of the defendant undertaken, it is alleged, in the course of the investigation of plaintiff's federal tax status. Title 26, United States Code, Section 7421(a) dictates that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." This section is designed to assure the prompt assessment and collection of taxes. This section has been literally observed, almost without exception. See Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). Plaintiff does not come within the exception provided by this case as the tax herein involved is not illegal and there are no special or extraordinary circumstances. Further, there has been no showing by plaintiff that the statutes are invalid and that he has sustained or is in immediate danger of sustaining any direct injury. The courts have been reluctant to limit the power of taxation except in rare instances. See Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920).

The Court is compelled to address one other issue strongly advanced by DeJulis and this is the matter of whether he has earned sufficient "Constitutional dollars." His argument is built upon a foundation of shifting sand inasmuch as the provision he relies upon is not found in the Constitution but is a statute enacted by Congress setting the

value of a dollar. See Act of April 2, 1792, Ch. XVI, § 9, 1 Stat. 246. However desirable it might be to have dollars of the value therein set forth still being coined, Congress, in its wisdom and in response to forces unknown to this Court, has enacted legislation subsequent to the above cited statute setting a meaner value for the dollar. See 31 U.S.C. §§ 314 and 316. The President of the United States has been conferred with the authority to set forth such values as may be required to "maintain the parity of such coins." See 31 U.S.C. § 821. This tide that buffets the foundation of plaintiff's argument crests with 31 U.S.C. § 446 which repeals all laws contrary to or inconsistent with these provisions, by implication repealing the statute on which plaintiff rests.

Plaintiff's other arguments are similarly without a valid basis and are not reached or discussed here. It is apparent that the relief sought by plaintiff is barred by statute and case law. There being no genuine issues as to any material facts, summary judgment for defendant is proper and an order will be entered accordingly.