Helen Ann Hubbell INGHAM, Individually and as representative of all others similarly situated, Plaintiff,

v.

James W. HUBBELL, Jr., Robert J. Fleming, and Riley H. Richards, Trustees of the Frederick M. Hubbell Estate, Richard Turner, Attorney General of the State of Iowa, Roy D. Clark, Director, Midwest Service Center of the Internal Revenue Service, and Michael J. Murphy, Iowa District Director of Internal Revenue Service.

Civ. No. 77–370–1.

United States District Court,
S. D. Iowa,
Central Division.

Aug. 17, 1978.

Larned A. Waterman and Thomas J. Shields, Lane & Waterman, Davenport, Iowa, for plaintiff.

J. R. Austin and James R. Austin, Jr., Austin, Myers, Peterson & Gaudineer, Des Moines, Iowa, for Trustees of Hubbell Estate.

Richard H. Gregory, III, Tax Div., U. S. Dept. of Justice, Washington, D. C., and Kermit B. Anderson, Asst. U. S. Atty., S. D. Iowa, Des Moines, Iowa, for defendants Roy Clark and Michael Murphy.

## RULING AND ORDER ON FEDERAL DEFENDANT'S MOTION TO DISMISS

STUART, Chief Judge.

This case is a purported class action brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 to adjudicate the validity of plaintiff's disclaimer of a portion of her contingent interest in the corpus of the Hubbell Trust. The defendants are the Trustees of the Hubbell Trust, Richard Turner, Attorney General for the State of Iowa, Roy D. Clark, Director of the Midwest Service Center of the Internal Revenue Service (IRS) and Michael Murphy, District Director of the IRS in Des Moines, Iowa. The federal defendants have filed a motion to dismiss them from the action, which motion is now before the Court.

Frederick M. Hubbell created the Hubbell Trust on December 31, 1903. It will terminate on November 17, 1983 and its assets will be distributed per stirpes, among the then living descendants of his three children. The named plaintiff is a lineal descendant of Frederick M. Hubbell and has a contingent interest in the corpus of the Trust which will not vest until its termination. The purported class is composed of all the lineal descendants of Frederick M. Hubbell.

Plaintiff has executed and delivered a disclaimer of her contingent interest in part

of the corpus of the Hubbell Trust (1000 shares of Equitable of Iowa) which is expressly made conditional upon the following events:

a. The validity of the Disclaimer * * under Section 2518 of the Internal Revenue Code or under prior federal law;

b. The validity of the Disclaimer * * under Section 633.704 of the Iowa Code or under Iowa common law;

c. The inoperability of the Disclaimer upon the income rights of [plaintiff] as an income beneficiary of the Hubbell Trust; and

d. The transfer under Iowa law of the interest of [plaintiff] in the disclaimed property, upon her death prior to November 17, 1983, to her heirs living at the expiration of the trust period.

The Trustees have refused to recognize the validity of the Disclaimer because of its conditional nature, have declined to take any affirmative action with respect to it and have stated that they will take the same position with regard to any similar disclaimer they may receive.

This action was then instituted seeking a declaration of law to satisfy conditions "a", "b", and "d" set forth above. The federal defendants' motion to dismiss is based on three grounds: (1) that there is no actual controversy between the federal defendants and the plaintiff; (2) that the declaratory judgment procedure is not available in any controversy "with respect to Federal taxes"; and (3) that the United States, the real party in interest, has not waived governmental immunity.

The declaratory judgment remedy which was created by 28 U.S.C. § 2201 is pertinent to all three grounds. It provides:

In a case of *actual controversy* within its jurisdiction, *except with respect to Federal taxes,* any court of the United States, * * *, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. * * * (Emphasis supplied)

(1)

## ACTUAL CONTROVERSY

The federal defendants have neither taken nor threatened to take any action concerning this disclaimer. Plaintiff alleges that an actual controversy exists because the IRS has a fixed, consistent, definite and continuing policy of challenging disclaimers and imposing gift or estate tax consequences. If this issue were determinative of the existence of an actual controversy, the allegations would be sufficient to make it improper for the court to rely upon this ground in granting a motion to dismiss.

■ However, there are other reasons why there is no actual controversy here. The federal defendants are made parties in the case in order to bind the IRS to a decision as to the validity of the Disclaimer under Section 2518. Plaintiff wants to establish the tax consequences of the disclaimer. The conditional nature of plaintiff's "irrevocable" disclaimer effectively eliminates any possible controversy between the federal defendants and plaintiff. If the Court would decide that the disclaimer is valid under Section 2518, there would be no tax consequences. If the Court would decide that the disclaimer did not qualify under Section 2518, an express "condition subsequent" would not be fulfilled and the disclaimer would be void. Consequently there would be no disclaimer upon which there could be any federal tax consequences. There is no actual controversy between the federal defendants and plaintiff.

In *C. I. R. v. Procter,* 142 F.2d 824 (4th Cir. 1944), taxpayer attempted to create a condition subsequent to void a transfer by trust agreement if the transfer was determined by a federal court of last resort to be subject to a federal gift tax. The court held such condition was void as against public policy for three reasons. One was based upon the lack of controversy between the taxing authorities and the donor. The Court said:

[T]he effect of the condition would be to obstruct the administration of justice by requiring the courts to pass upon a

moot case. If the condition were valid and the gift were held subject to tax, the only effect of the holding would be to defeat the gift so that it would not be subject to tax. The donor would thus secure the opinion of the court as to the taxability of the gift, when there would be before the court no controversy whatever with the taxing authorities which the court could decide * * *.

p. 827.

It may be that the voiding of the disclaimer would eventually result in more tax liability because the property would then pass through plaintiff's estate. However, this is not "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment". *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969); *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

There is also authority for the proposition that a tax assessment is necessary before an actual controversy exists. In *Mitchell v. Riddell,* 402 F.2d 842, 846 (9th Cir. 1968), appeal dismissed and cert. den. 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969), the Court held that a tax assessment was necessary before an actual controversy would exist. Obviously federal defendants and the IRS have not made any assessment for federal taxes in this case because no taxable event has taken place. The Circuit Court of Appeals for the Eighth Circuit has not taken a position on this issue.

(2)

## WITH RESPECT TO FEDERAL TAXES

Federal defendants contend that even if there were an actual controversy between them and the plaintiff, it would necessarily be "with respect to federal taxes" and that as such it is specifically excepted from the Declaratory Judgment Act.

Plaintiff argues that the issue is not with respect to federal taxes but involves the ownership of the disclaimed property under the federal disclaimer law, stating:

The Court in the present action is not being asked to declare whether any federal tax is due or how much tax is due as a consequence of the irrevocable disclaimer. The action is not a threat to the determination, assessment or collection of federal taxes. The action simply seeks a declaration that the Disclaimer is valid under applicable law. While it follows that, postulating a valid disclaimer, no tax liability could arise under existing law, this is a conclusion which need not be adjudicated.

In support of her position plaintiff cites many cases which she claims present ten different situations in which matters either directly or indirectly involving federal taxes were not barred by the federal tax exemption clause of the federal Declaratory Judgment Act. The Court believes it necessary to discuss only the cases which plaintiff claims are most analogous to the instant case.

In *Henshel v. Guilden,* 300 F.Supp. 470 (S.D.N.Y.1969) the ultimate issue was whether a federal income tax deficiency should be paid out of the taxpayer's estate or out of a trust that had received the proceeds from the sale of the stock which brought about the tax liability. Neither the United States nor any named federal defendants were parties. The Court said:

The mere circumstance that a Federal tax assessment is a material element here does not bring this action between private parties within the statute's exception.

p. 472.

In *Bullock v. Latham,* 306 F.2d 45 (2d Cir. 1962), the Commissioner of Internal Revenue and the District Director were defendants. There had been an adjudication of separate tax liabilities of Giles E. Bullock and E. C. Brown Company, a corporation owned by Mr. Bullock. The tax liabilities were not contested. Certain real estate and machinery and equipment were sold to apply on the tax liabilities. The proceeds from the sale of the real estate were applied against Mr. Bullock's obligation and

the proceeds from the sale of the personal property were applied to the corporate obligation. The only real question presented in Mr. Bullock's declaratory judgment action was the ownership of the personal property.

If they were the property of Giles E. Bullock, then his property has been taken to satisfy the tax obligation of another; if the company owned them, defendants made a proper allocation of the proceeds.

306 F.2d at 46.

These two cases illustrate the general rule that courts will grant declaratory judgments in actions in which plaintiff charges his property is being taken to satisfy the tax liability of another.

Jurisdiction rests upon sections 1340 and 2463 and does not come within the exception of section 2201. That exception sufficiently serves its purpose if limited to controversies involving tax liabilities of parties *qua* taxpayers and if not construed as foreclosing declaratory judgment relief to persons claiming an interest in property levied upon to satisfy the tax obligations of another.

306 F.2d at 48.

*Bostwick v. United States,* 521 F.2d 741 (8th Cir. 1975), held that by § 2(a)(2) of the Bankruptcy Act Congress intended to give the bankruptcy court jurisdiction to determine the dischargeability of a federal tax debt when the United States had not filed proof of a claim. It also held that Congress did not intend to prohibit such determinations by the exception to the Declaratory Judgment Act. However, the court pointed out that:

The requests for discharge were not concerned with the consequences of a future course of conduct from which tax liabilities may arise.

p. 747.

Plaintiff refers to three other cases which she claims resolve issues having direct and immediate tax consequences. However, none involved a decision affecting the tax consequences of a future course of action. *Stern & Co. v. State Loan & Finance Corporation,* 205 F.Supp. 702 (D.Del.1962) was an action seeking declaratory relief from an alleged breach of contract which plaintiff claimed would result in serious tax consequences for it. Defendant allocated a large portion of the purchase price of plaintiff's stock to a covenant not to compete allegedly in breach of the contract. As a result the government reopened plaintiff's income tax liability and assessed taxes as ordinary income rather than capital gain. The trial court held an action for declaratory relief was proper but stayed proceedings to see if the tax court would determine the same issues in the pending action. There were no federal defendants in the declaratory judgment action and the judgment, if entered, would not have been binding on the tax court.

*Sonitz v. United States,* 221 F.Supp. 762 (D.N.J.1963) was a quiet title, not a declaratory judgment action.

There were no federal defendants in *Mastan Company v. Jackson,* 321 F.Supp. 865 (N.D.Ill.1971). The court permitted a declaratory judgment action to stand, but stayed proceedings pending negotiations with IRS saying:

Although damages in this action will be directly affected by the ultimate determination of the plaintiff's tax liability by the IRS, this action is one for breach of warranties and fraud in the sale of securities and corporate assets. This is not an action to confer tax liability upon the defendants; the bringing of this suit ' * * * is an act of independent legal significance * * * ' which does not fall within the statutory prohibition.

Plaintiff has developed some ingenious arguments and presented them effectively. But the inescapable fact is that the federal defendants have been made parties so that any determination as to the validity of the Disclaimer would be binding upon them and affect the federal tax consequences on this and similar disclaimers. Plaintiff is asking for an advisory opinion because, as she states, without it "no Hubbell Trust beneficiary will be able to make effective use of disclaimers in the face of ambiguous and interdependent federal and

state disclaimer law". It is not hard to understand why the Hubbell heirs would like to have an advance declaration of the legal and tax consequences of this Disclaimer. Certainly, a disclaimer made in accordance with the applicable law should be available as an estate planning and tax saving device. *Keinath v. C. I. R.,* 480 F.2d 57 (8th Cir. 1973). However, it is the Court's opinion that this is precisely the type of action that the exception with respect to federal taxes was intended to bar.

The Declaratory Judgment Act did not contain the exception "with respect to federal taxes" when first enacted. The Act was immediately used to obtain declaratory judgments holding various taxing statutes unconstitutional. See *F. G. Vogt & Sons, Inc. v. Rothensies,* 11 F.Supp. 225 (E.D.Pa. 1935); and *Penn v. Glenn,* 10 F.Supp. 483 (W.D.Ky.1935). As a result Congress quickly added the tax matter exception.

The Senate Finance Committee, in reporting out the amended version, stated that the 'application of the Declaratory Judgments Act to taxes would constitute a radical departure from the long-continued policy of Congress [as represented today by § 7421(a)] with respect to the determination, assessment, and collection of Federal taxes'.

*"Americans United" Inc. v. Walters,* 155 U.S.App.D.C. 284, 477 F.2d 1169 (1973). The § 2201 exception has been held to be coterminous with 26 U.S.C. § 7421 anti-injunction statute. *Eastern Kentucky Welfare Rights Org. v. Simon,* 165 U.S.App.D.C. 239, 246, 506 F.2d 1278, 1285 (1974). The self-evident purposes of these sections are to permit the government to assess and collect taxes alleged to be due it without judicial interference and to require that the legal right to disputed sums be determined in a suit for refund or in the tax court. *Thrower v. Miller,* 440 F.2d 1186 (9th Cir. 1971).

The Court is unable to distinguish the issues presented in this case from many others where the taxpayer would like to have a binding advance determination of the tax consequences of certain contemplated action. It would be a real advantage to the taxpayers in making all sorts of estate planning and business decisions if they could have a binding court decision before taking any action. See *Wahpeton Professional Services v. Kniskern,* 275 F.Supp. 806, 808 (D.N.D.1967); *Mitchell v. Riddell,* 402 F.2d 842, 846 (9th Cir. 1968); *C. I. R. v. Procter,* 142 F.2d 824, 827 (4th Cir. 1944); *DeJulis v. Alexander,* 393 F.Supp. 823 (D.Wyo.1975); *Biggs v. United States,* 326 F.Supp. 749 (E.D.Ky.1971).

However, it is not hard to imagine the flood of tax litigation that would come to the courts if the Declaratory Judgment Act could be utilized for that purpose. IRS would be called upon to spend enormous sums of money and time in defending these actions. Taxes could not be assessed and collected in the traditional manner. The restraining influence of potential tax liability on tax saving schemes and devices would be removed. Only the cost of a lawsuit would tend to dissuade taxpayers and their inventive counsel from advancing all sorts of dubious plans to save taxes.

The Court is of the opinion that this action for a declaratory judgment is barred by the federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201.

### (3)

### SOVEREIGN IMMUNITY

Much of the foregoing discussion is applicable to the sovereign immunity defense. The United States is immune from suit unless it waives immunity or consents to suit. *Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *U. S. v. Alabama,* 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed.2d 1327 (1941). The Court has just held that the Declaratory Judgment Act precludes declaratory relief in federal tax matters. The Anti-Injunction Act prohibits injunctions against the assessment or collection of taxes. 26 U.S.C. § 7421. The United States has consented to suit in Federal District Courts in refund cases only. 26 U.S.C. § 7422.

Plaintiff claims that this is a suit against IRS and its officers, not the United States. However, where the relief sought against a federal officer would interfere with the administration of the officer's public duties, it is a suit against the United States. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Malone v. Bowdoin,* 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). Plaintiff claims that this action will not interfere with the administration of the federal tax laws because she merely asks IRS to define its position now with respect to the validity of the Disclaimer and that this lawsuit is not in reality a suit against the United States. It simply seeks a declaration of rights under applicable and unchallenged federal and state law. This is similar to the argument advanced in claiming the federal tax laws were not involved. The Court could not accept the argument on that issue and cannot accept it here. Without repeating the reasons expressed earlier, the Court holds that this lawsuit would interfere with the orderly assessment and collection of taxes and would interfere with the public administration of the tax laws. Although the action is nominally addressed against the officers, it is in substance and effect a suit against the government. *Larson v. Domestic and Foreign Corp.,* 337 U.S. 682, 687–688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

For all the reasons hereinabove set forth the Court holds that federal defendants' motion to dismiss them from the lawsuit should be and it is hereby granted.

IT IS SO ORDERED.