Leslie **H. BAKER, Jr.**

v.

**DISTRICT DIRECTOR OF INTERNAL REVENUE et al.**

**CA 4–1796.**

United States District Court,
N. D. Texas,
Fort Worth Division.

March 20, 1972.

Wm. L. Johnson, Jr., Fort Worth, Tex., for District Director of Internal Revenue and others.

Leslie H. Baker, Jr., pro se.

## MEMORANDUM OPINION

BREWSTER, Chief Judge.

The taxpayer originally instituted this suit against the District Director of Internal Revenue seeking to enjoin him from collecting income tax liabilities for the years 1969 and 1970, allegedly due and owing by taxpayer, and seeking a refund of $354.00, plus interest, for taxes allegedly paid by taxpayer to the Internal Revenue Service.

A pre-trial hearing has been held and a pre-trial order was entered on February 11, 1972. Among the matters taken up at such hearing was the defendant's motion to dismiss. The taxpayer has appeared *pro se* throughout these proceedings. He and two associates are forming a non-profit organization to bring about the reform of the income tax laws.[1] His argument on the motion to dismiss reflects that one of his complaints against the income tax setup is the procedure being followed by the Internal Revenue Service in connection with the assessment and collection of income taxes.[2] One of his complaints about procedure is that the summons for him to appear before the Internal Revenue agent for discussion of his tax liabilities came by mail instead of being served in person. He admitted he got the summons, but he thought his rights were violated by not having been served in person.

The government raised the point at the pre-trial hearing that the United States of America was the real party defendant; and, by consent of the taxpayer and the Assistant United States Attorney, an order was entered on February 11, 1972, making the United States a party defendant. The Court thereupon proceeded to hear the defendant's motion to dismiss on the ground that the taxpayer had never filed a claim for refund. The taxpayer admitted that he had filed no claim for refund because, as he construed the statute, the filing of such claim was not required. When Mr. Johnson, the Assistant United States Attorney, began the presentation of his motion, he stated that one of the

---

1. In the taxpayer's discussion of the motion to dismiss in the pre-trial hearing he said:

   " . . . In the meanwhile two associates of mine and myself have formed a non-profit corporation in the State of Texas for the purpose of lobbying against certain income tax. In other words, we are proposing to form a national lobby requesting that the Congress reduce the level of income tax according to a certain formula . . . "

2. In his argument the taxpayer stated: "I would really submit to you that it would really not be fair to my rights for them to adopt a procedure under their regulatory power which would divert me from the proper course of law. I don't think they should be allowed to use that as a defense."

He further stated: "Let me say that I don't think I could justify before you any refund tort claim. This is not meant to be construed that way at all. My questions have to do with the things they do toward me, their procedure, as opposed to an error by an employee.

"For example, the statute requires that they personally deliver an audit summons and that they give you a full ten days notice. I received three audit summons, two in writing and one on the telephone. I have never received a ten day notice of the audit. They mail them instead of personally serving them, and there is no attestation of service completion on them.

"THE COURT: Did you get them by mail?

"MR. BAKER: Yes, sir . . . "

grounds was that the taxpayer had not exhausted his administrative remedies. The following then took place:

"THE COURT: What administrative remedies did he fail to exhaust?

"MR. JOHNSON: The administrative remedies in Section 7422(a), which required that a claim for refund be filed. This claim has not been filed.

"THE COURT: Has it been, Mr. Baker?

"MR. BAKER: No, sir, but that is not the construction I place on that statute.

"THE COURT: I am just asking about the facts now.

"MR. BAKER: Not subsequent to the appellate conference. I have gone through the procedure of claiming that the government was in error through the conference level, which was my last resort through the review.

"THE COURT: But you did not file a claim for refund before you filed this suit?

"MR. BAKER: No, sir."

The taxpayer had no right to file suit for refund of his taxes until after he had filed a claim for refund to the Internal Revenue Service. Section 7422, Internal Revenue Code, 1954.[3] Regardless of the taxpayer's construction of this statute and of his dislike for the administrative procedure of the Internal Revenue Service, his failure to file a claim for refund deprived him of the right to sue for a refund. Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); England v. United States, 5 Cir., 261 F.2d 455 (1958).

 As to the portions of taxpayer's suit seeking an injunction against the collection of income tax liabilities, he has not brought himself within any of the exceptions to the general rule that the assessment and collection of taxes by the Internal Revenue Service cannot be enjoined. Section 7421(a), Internal Revenue Code, 1954; Enochs v. Williams Packing & Nav. Company, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); McDonald v. Phinney, 5 Cir., 285 F.2d 121 (1961).

Under the circumstances, this case will be dismissed for taxpayer's failure to state a claim upon which relief can be granted.

3. "SEC. 7422. CIVIL ACTIONS FOR REFUND.

"(a) *No Suit Prior to Filing Claim for Refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."