**LAUREL HILL CEMETERY ASSOCIATION, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1272.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1977.

Decided Dec. 15, 1977.

Ward Fickie, Clayton, Mo., on brief for appellant.

Jonathan S. Cohen, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Barry A. Short (former U. S. Atty.), St. Louis, Mo., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Carolyn R. Just, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before HEANEY, WEBSTER and HENLEY, Circuit Judges.

PER CURIAM.

Appellant Laurel Hill Cemetery Association appeals from the judgment of the District Court dismissing its tax refund suit seeking a refund for income taxes, penalties, and interest paid with respect to tax years 1954 through 1957, 1960, and 1961. The Association was organized on July 23, 1923 as an adjunct to a cemetery company that operated a cemetery in St. Louis County, Missouri. The purpose of the Association was to create a perpetual care fund to maintain and care for the cemetery in exchange for the cemetery company's deed of all lots whose serial numbers ended in "0", as well as an undertaking to remit ten percent of the sales prices of all cemetery lots sold. The Association was also granted deeds to certain roadways, drives, walks, sunken gardens, parks, and basins that were on the Laurel Hill grounds by the cemetery company.

The District Court held on the basis of the facts before it that the Association was not a tax-exempt organization under 26 U.S.C. § 501(c)(13) as the Association had contended.[1] It further held that the Association was an "association" taxable as a corporation, but that it was not entitled to a deduction under 26 U.S.C. § 162, which permits deductions to corporations for ordinary and necessary business expenses.

Having carefully reviewed the briefs and records in this case and having heard argument of counsel, we are convinced that the judgment of the District Court is based upon findings of fact that are not clearly erroneous, that no error of law appears and that an opinion would have no precedential value.[2] We affirm on the basis of the District Court's opinion. 427 F.Supp. 679 (E.D. Mo.1977); *see* Local Rule 14.

---

1. 26 U.S.C. § 501(c)(13) provides tax-exempt status for certain cemetery companies operated for the benefit of their membership or on a nonprofit basis.

2. The relationship between the Association and the cemetery company has been revised, and the issues in dispute on this appeal have no application to subsequent years.