**Ralph G. TROUT**

v.

**The UNITED STATES.**

No. 469–82T.

United States Claims Court.

Jan. 7, 1983.

Ralph G. Trout, pro se.

Paul Wright, Washington, D.C., with whom was Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., for defendant.

---

**6.** *See supra* note 3.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

GIBSON, Judge:

This is a gift tax refund case, arising out of the alleged premature payment of such taxes, which at this point comes before the court on defendant's motion to dismiss. While not pleaded with specificity, petitioner premises jurisdiction in this court on the Tucker Act, 28 U.S.C. 1491, and the basis of the substantive claim is bottomed on Title 26 U.S.C.

Plaintiff underscores the merits of his claim in his petition,[1] while apparently recognizing the untimeliness thereof, by alleging, *inter alia*, that:

"... in consideration of the fact that aforesaid sum of money was paid in good faith, the Internal Revenue Service is not legally or in equity entitled to retain money that is not due. This is a matter of simple justice."

Viewing the facts in the light most favorable to plaintiff, there might be a modicum of truth to some portion of the foregoing allegations. However, for the reasons set forth hereinafter, defendant's motion to dismiss is granted.

### FACTS

The court finds, after a review of the record, that the facts are as follows:

1. The official administrative file of the Internal Revenue Service (IRS) contains a Form 709, United States Quarterly Gift Tax Return, for the quarter ending December 31, 1976, which contains the petitioner's name subscribed thereto; it is dated February 15, 1977, and reflects a then tax due of $1,113.38.

2. While paragraph 1 of the petition states that the applicable tax was paid to the IRS on February 15, 1977 (*i.e.*, the date reflected on the signature line of the subject return), and the defendant alleges (p. 2, Motion to Dismiss) that the IRS "received" said gift tax return on February 17, 1977, the court finds that said return was filed with the IRS on February 15, 1977, at which time the tax shown to be due was also paid.[2]

3. The Internal Revenue Service Center, Philadelphia, Pennsylvania, received a letter signed by plaintiff, dated August 16, 1980 (stamped "received" by the IRS on September 2, 1980), together with the envelope addressed to defendant from plaintiff postmarked August 28, 1980, which letter represents plaintiff's formal claim for refund as of September 2, 1980,[3] in the amount of $1,113.38 respecting the aforesaid return.

4. By letter dated October 15, 1980, the IRS formally disallowed plaintiff's claim.

### DISCUSSION

■ From the foregoing, the court finds that plaintiff filed his claim for refund with the IRS *more than three years and six months* after said return was filed and after the self-assessed taxes were paid.

In order that a taxpayer may obtain a refund of taxes, 26 U.S.C. § 6511(a)[4] provides, *inter alia*, that a:

---

1. Plaintiff failed to enter a reply of any kind in opposition to defendant's motion to dismiss. Therefore, the evidence relied on by the court in ruling on defendant's unopposed motion consists solely of the pleadings of the parties, including attachments thereto.

2. This accords with the timely-mailed/timely-filed rule in 26 U.S.C. § 7502, assuming plaintiff's return was mailed on February 15, 1977. Even if the return was not deemed "filed" until February 17, 1977, the two-day difference would not affect the disposition herein.

3. While the postmark on plaintiff's envelope forwarding his claim to the IRS was stamped dated August 28, 1980, said claim was not filed within the contemplation of 26 U.S.C. § 7422 until September 2, 1980, *i.e.*, the date actually received by the IRS. *See United States v. Peters,* 220 F.2d 544 (10th Cir.1955) (stating the rule prior to enactment of § 7502). This results from the fact that, as we determine below, the claim was untimely. Under 26 U.S.C. § 7502, had the claim been timely mailed, the filing date would have been that of the postmark.

4. All references to 26 U.S.C. are to the various sections as amended and as applicable at the times mentioned unless otherwise noted.

"Claim for credit or refund of an over-payment . . . *shall* be filed by the taxpayer *within 3 years from the time the return was filed or 2 years from the time the tax was paid,* whichever of such periods expires the later . . . . ." (Emphasis added).

The inclusion of the word "shall" in the statutory provision indicates that the filing time frames are obligatory conditions precedent to the filing of a viable claim and are not waivable. This conclusion is apparent inasmuch as 26 U.S.C. § 6511(b)(1) further provides that:

> "No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) . . . *unless a claim for credit or refund is filed by the taxpayer within such period.*" (Emphasis added).

Inasmuch as the court finds that plaintiff's gift tax return was filed on February 15, 1977, and the taxes paid on the same date, and his claim for refund was not filed until September 2, 1980, the court holds that the period of limitations with respect to said claim expired on February 15, 1980,[5] and therefore any refund claim based on said return and the taxes paid is barred.

The untimeliness of plaintiff's claim not only precluded the IRS from allowing a credit or refund on said claim, but such fact is clearly fatal to the jurisdiction of this court given 26 U.S.C. § 7422(a), which provides that:

> "No suit . . . shall be maintained in any court for the recovery of any . . . tax . . . erroneously . . . collected . . . or in any manner wrongfully collected, until a claim for refund . . . has been *duly* filed . . . ." (Emphasis added).

An untimely claim for refund of a tax under Title 26, U.S.C., is not a "duly filed" claim within the contemplation of the aforementioned section. *Rock v. United States,* 279 F.Supp. 96 (S.D.N.Y.1968). Moreover, a "duly filed" claim for refund is a jurisdictional requirement. Without it,

plaintiff is deprived of the right to sue and, concomitantly, this court is deprived of the power to hear this case. *See Baker v. District Director,* 348 F.Supp. 524 (N.D.Tex. 1972), aff'd, 468 F.2d 199 (5th Cir.1972); *Laurel Hill Cemetery Ass'n v. United States,* 427 F.Supp. 679 (E.D.Mo.1977), aff'd, 566 F.2d 630 (6th Cir.1977); *Furst v. United States,* 230 Ct.Cl. ——, 678 F.2d 147 (1982); *Missouri Pacific R.R. v. United States,* 214 Ct.Cl. 623, 558 F.2d 596, 597 (1977).

## CONCLUSION

Defendant's motion to dismiss is granted with direction to the clerk to dismiss plaintiff's petition.

Costs to the prevailing party.

IT IS SO ORDERED.