Eusebio and Violet **RECCHIE**

v.

The **UNITED STATES.**

No. 456–82T.

United States Claims Court.

March 9, 1983.

Eusebio and Violet Recchie, pro se.

Stella A. Tomlinson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER

MARGOLIS, Judge.

Plaintiffs Eusebio and Violet Recchie, who are before the Court *pro se,* filed their complaint on September 13, 1982 seeking refund of alleged income tax overpayments in the amount of $9,844.82. Defendant filed a motion to dismiss on December 16, 1982. Plaintiffs failed to respond, and on January 25, 1983 this Court ordered plaintiffs to respond by February 24, 1983 or defendant's motion might be granted. On February 15, 1983, plaintiffs filed what appears to be an offer in compromise rather than a response. Defendant's reply was filed on February 28, 1983.

Plaintiffs filed their claims for refund with the Internal Revenue Service (IRS) for the year 1976 on August 16, 1982, for the year 1977 on May 17, 1982, and for the year 1978 on May 19, 1982. Plaintiffs have filed no claim for refund with the IRS for the alleged overpayment in 1975. The time for filing this claim has not yet expired due to a credit for overpayment in 1981 which was applied by IRS in 1982 to a 1975 tax deficiency. Thus, the 1975 tax is deemed paid in 1982 for the purpose of the statute of limitations.

■ A claim for refund must be filed with the IRS within three years of the time the return was filed or within two years from the time the tax was paid, whichever is later. 26 U.S.C. § 6511(a) (1976). Plaintiffs' refund claims for 1976, 1977, and 1978 were not filed until 1982. Since these claims were untimely, this Court lacks jurisdiction over these claims. *Bondanza v. United States,* 207 Ct.Cl. 945, 521 F.2d 1405 (1975); *Northern Life Ins. Co. v. United States,* 685 F.2d 277, 279 (9th Cir.1982).

■ Additionally, no suit may be brought in any Court for a refund until a claim for refund or credit has been filed with the IRS. 26 U.S.C. § 7422(a) (1976). As plaintiffs have filed no refund claim with the IRS for the year 1975, plaintiffs' action in this Court on this claim is premature. Therefore, it is

ORDERED, that defendant's motion to dismiss is granted. The complaint is to be dismissed, except that the refund claim for 1975 is to be dismissed without prejudice.