Harold **LAMB, Floyd Farr, George B. Vaughan, Ester Robinson, R. Thurston Garner, Jessie S. Sanders, John W. Cooper, Jr., James M. Fowler, Issac B. Lawson, James M. Lane, William H. Jones, Henry T. Jones and Eddie Murphy Smith, Plaintiffs,**

v.

**UNITED STATES of America, Defendants.**

Civ. A. No. 83–601–0.

United States District Court, D. South Carolina, Columbia Division.

March 30, 1984.

---

A. Camden Lewis, William E. Whitney, Jr., Austin & Lewis, Columbia, S.C., for plaintiffs.

Henry D. McMaster, U.S. Atty., Lincoln C. Jenkins, III, Asst. U.S. Atty., Columbia, S.C., Mark Muedeking, Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## ORDER

PERRY, District Judge.

This action was commenced pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331, and is now before the Court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. This Court grants the government's motion and dismisses this action.

Plaintiffs are thirteen municipal police officers who seek refunds of a portion of federal income tax paid in the years 1974–1977. Plaintiffs allege the federal statutes, Pub.L. No. 95–427 and Pub.L. No. 96–605, which allowed state police officers credit on refund for taxes paid on case meal allowances received for 1974–1977 makes an unconstitutional distinction between state and municipal police officers which denies the municipal police officers equal protection of the law guaranteed by the Fifth Amendment. Plaintiffs also allege the administrative interpretation of the statutes is arbitrary and capricious.

Plaintiffs' amended complaint[1] alleges that each officer reported his cash meal allowance in his gross income for some or all of the years 1974–1977. Plaintiffs allege each filed for an income tax refund for some or all of the years 1974–1977. Each plaintiff individually alleges that he filed claims for refund of taxes paid for some or all of the years 1974–1977. Four of the thirteen plaintiffs allege their claims were received by the Internal Revenue Service on dates in the fall of 1981. The other nine plaintiffs do not allege when the IRS received their claims. All plaintiffs allege they received letters of disallowance of their claims by the IRS. Five of the thirteen plaintiffs allege a particular date when these letters were received. The other eight allege the letters were received more than six months before the complaint was filed. Plaintiffs allege all the disallowance letters stated the denial of their claims was because "the public law pertains to State Police Officers only, this does

---

1. The original complaint was filed March 10, 1983. On September 23, 1983 plaintiffs were granted leave to amend their complaint to plead the jurisdictional facts with greater specificity. The government's motion to dismiss and this order are directed at the amended complaint.

not include municipal or county law enforcement officers."

The government's motion to dismiss asserts that plaintiffs have failed to allege facts sufficient to satisfy the jurisdictional prerequisites to tax refund suits and further asserts that, even assuming plaintiffs have alleged sufficient jurisdictional facts, their complaint fails to state a claim upon which relief may be granted since the statutes are constitutional under the "rational basis" standard and the Internal Revenue Service procedures are consistent with the language of the statutes and intent of Congress and are not arbitrary and capricious.

## I. SUBJECT MATTER JURISDICTION

The government asserts this Court does not have subject matter jurisdiction because the three jurisdictional prerequisites to filing an income tax refund action were not satisfied. The government asserts first, plaintiffs have not alleged full payment of taxes owed for each year they seek refund; second, it is argued that the plaintiffs have not alleged the timely filing of administrative refund claims; and third, the government asserts that plaintiffs have not commenced the court action timely. The Court will address each prerequisite separately.

The government asserts plaintiffs have not satisfied 28 U.S.C. § 1346(a)(1)[2] because they have not alleged they made full payment of the tax owed for each year they seek a refund. In *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), *rehearing denied*, 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 901 (1960), the Supreme Court held that under section 1346(a)(1) full payment of the income tax

assessment is a jurisdictional prerequisite to the maintenance of a refund suit in this Court. 362 U.S. at 177, 80 S.Ct. at 647. In *Flora*, plaintiff paid part of the assessments due and filed a claim for that amount. The claim was disallowed and plaintiff filed suit. The government moved to dismiss and the court held that petitioner could not maintain the action because he had not paid the full assessment. The Court decided the case on its merits, however, because that circuit had not yet addressed the jurisdictional issue. The Supreme Court granted certiorari and affirmed the court of appeals which ordered the judgment vacated and complaint dismissed because the district court lacked subject matter jurisdiction where the plaintiff had not paid the full assessment before bringing an action in the district court. 362 U.S. at 177, 80 S.Ct. at 647.

In the instant case, plaintiffs alleged they included cash meal allowances in their gross income and they filed for refunds, but they do not allege that they fully paid their assessed income tax in each of the years in question. Plaintiffs urge this Court to assume they have fully paid their tax assessments: *Flora* clearly holds, however, that full payment is a jurisdictional prerequisite to a refund suit. This Court cannot assume facts to satisfy this jurisdictional prerequisite, therefore the government's motion to dismiss must be granted on this ground. *See also Richardson v. United States*, 330 F.Supp. 102, 105 (S.D. Texas 1971).

The second jurisdictional prerequisite is that each plaintiff must have filed a proper and timely administrative refund claim. 26 U.S.C. § 7422(a) and 26 U.S.C. § 6511(a) and (b)(1)[3]. All plaintiffs allege they filed claims for refunds of taxes paid in all or

**2.** 28 U.S.C. § 1346(a)(1) provides:
(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:
(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been exercised or in

any manner wrongfully collected under the internal revenue laws.

**3.** 26 U.S.C. 7422(a) provides:
No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, for of any sum alleged to have

212

some of the years 1974–1977. Four of the plaintiffs allege filing on dates in 1981. The other thirteen do not allege specific filing dates.

In *Bell v. Gray,* 191 F.Supp. 328 (E.D. Ky.1960), *aff'd,* 287 F.2d 410 (6th Cir.1960), the court dismissed a tax refund action because the complaint failed to allege that the claim for refund was filed within the statutory period. The Court stated:

> The statutes fixing these limitations are not statutes of limitations in the usual sense of the word, but are conditions under which the United States has consented to be sued and are therefore substantive jurisdictional requirements which the United States need not plead as a defense, but which must be alleged and proven by the taxpayer.

*Id.* at 329. *See also Canton v. United States,* 388 F.2d 985 (8th Cir.1968); *Recchie v. United States,* 1 Cl.Ct. 726 (1983); *Trout v. United States,* 1 Cl.Ct. 219 (1983).

No plaintiff alleges a timely filing of his administrative claim within the three year general limitation period of 26 U.S.C. § 6511(a). Public Laws 95–427 and 96–605, allowing state police officers a credit or refund on taxes paid on cash meal allowances received for 1974–1977, also granted state officers an extended period in which to file their administrative claims. State officers were allowed until December 28, 1981 to file their claims. These plaintiffs do not allege they have filed timely within this extended limitations period and they do not allege that they should have been allowed to file claims within this extended period. Therefore, plaintiffs have not alleged filing timely administrative claims for their income tax refunds. Plaintiffs have not satisfied this jurisdictional prereq-

uisite so the government's motion to dismiss on this ground must be granted.

All plaintiffs allege they received disallowance letters which stated their claims were denied "because the public law pertains to State police officers only, this does not include municipal or county law enforcement officers." Plfts. Exh. 1. The letters also stated each plaintiff could bring suit in district court for recovery of any tax for which the disallowance notice was issued by filing the suit within two years from the mailing date of the letter. Each letter was signed by the director of the Service Center in the Atlanta district office of the Internal Revenue Service. Five plaintiffs allege receiving this letter on dates in late 1981 or early 1982. The other eight plaintiffs state they cannot locate the letter but allege they were received more than six months before the action was filed.

The language of the disallowance letters tracks the appropriate statute, 26 U.S.C. § 6532(a)(1), which provides that no suit for recovery of taxes shall be begun before the expiration of six months from the date of filing the claim nor after the expiration of two years from the date of mailing the disallowance notice to the taxpayer. The government states the five plaintiffs who allege receiving disallowance letters in late 1981 or early 1982 have filed timely suits under § 6532(a)(1). However, the government asserts none of the plaintiffs allege facts sufficient to meet the other jurisdictional prerequisites.

Plaintiffs argue the government should be estopped from asserting the § 6511(a) three year limitation period because the language of the disallowance letter stated plaintiffs would have two years from re-

been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

26 U.S.C. § 6511 provide in pertinent part: (a) Claim for credit or refund of any overpayment of any tax imposed by this title in respect of which the taxpayer is required to file a return shall be filed by the taxpayer within

three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer within two years from the time the tax was paid.... (b)(1) no credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund unless a claim for credit or refund is filed by the taxpayer within such period.

ceipt of the letter to bring suit. Plaintiffs cite *Walsonavich v. United States*, 335 F.2d 96 (3rd Cir.1964), for the principle that the "government should be required to stand behind written agreements of public officials to prevent manifest injustice." 335 F.2d at 101.

 The facts of *Walsonavich* make it clearly inapposite to this case. In *Walsonavich* the plaintiff paid an excise tax when the propriety of the tax was being challenged by the entire industry and test cases had been initiated. Plaintiff entered into a special agreement with the Commissioner of the Internal Revenue Service which extended the time for the assessment of taxes. When plaintiff filed for a refund, the IRS rejected his claim as not timely filed stating the special agreement only extended the assessment period and not the period for filing a refund claim. The *Walsonavich* court stated the agreement should be accorded mutuality and the government required to stand behind the written agreement of the Commissioner. Here, plaintiffs did not engage in special negotiations with the IRS culminating in an individualized, special agreement. The plaintiffs do not allege the government agreed to extend the time to file their claims. These plaintiffs received a standard disallowance letter from the regional service director. The standard disallowance letter received by the plaintiffs does not act to estop the government from asserting the untimely filing of administrative claims as a jurisdictional bar in this action. *See also Northern Life Insurance Co. v. United States*, 685 F.2d 277, 282 (9th Cir.1982).

Plaintiffs also assert the government voluntarily waived the assertion of the 6511(a) limitation by its disallowance letter granting the two year period in which to file suit. Plaintiffs cite *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), for this argument. But the Supreme Court in *Johnson* addressed the question of the competent and intelligent waiver of the constitutional right to counsel in a criminal proceeding. That factual situation is inapposite to the instant case. The government did not waive its right to assert the § 6511 limitations period by issuing a standard disallowance letter.

The plaintiffs have not satisfied the jurisdictional prerequisites to filing a tax refund action in this Court. Plaintiffs have not alleged full payment of income taxes due in each year they seek a refund. Plaintiffs have not alleged the filing of timely administrative claims for the refund. Also, eight plaintiffs have not alleged this action is timely filed. Clearly, this Court does not have subject matter jurisdiction over this action when the jurisdictional prerequisites are not satisfied. Rule 12(b)(1), Fed.R. Civ.P.

For the reasons above stated, the above case is hereby dismissed.

IT IS SO ORDERED.