**B & M GROSS CORPORATION**

v.

**The UNITED STATES.**

**No. 703–83T.**

United States Claims Court.

April 6, 1984.

Shlomo Aaron Beilis, New York City, for plaintiff.

David Gustafson, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., for defendant. Theodore D. Peyser and Robert S. Watkins, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION TO DISMISS

PHILIP R. MILLER, Judge.

### Facts

Plaintiff claims a refund of income taxes for the taxable year ending June 30, 1975, in the amount of $30,525 resulting from a carryback of a net operating loss that arose in the taxable year ending June 30, 1978.

The taxable year in question began on July 1, 1977, and ended on June 30, 1978. Although the due date of plaintiff's return had been extended by the Internal Revenue Service only until March 29, 1979, plaintiff alleges in its brief that it filed its income tax return for such year on or before May 1, 1979. This return reported a net operating loss of $65,102.

On January 18, 1982, plaintiff filed an amended return for its year ended June 30, 1975, based on a carryback of the net operating loss reported for the year ended June 30, 1978. In this return, plaintiff claimed a refund of $30,525. The Internal Revenue Service, on or about February 10, 1982, disallowed plaintiff's claim. Plaintiff then filed this complaint on November 28, 1983.

### Question Presented

Whether plaintiff's claim for refund of 1975 taxes filed January 18, 1982, based on a net operating loss carryback from the taxable year ending June 30, 1978, was timely filed?

### Discussion

Internal Revenue Code of 1954 (I.R.C.) § 7422(a) states in pertinent part:

No suit * * * shall be maintained in any court for the recovery of any internal revenue tax * * *, until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof. [Emphasis added.]

■ A claim for a tax refund or credit must be timely filed or it is not a "duly filed" claim as contemplated by the above section. *Trout v. United States,* 1 Cl.Ct. 219, 221 (1983); *Armstrong v. United States,* 231 Ct.Cl. ——, ——, 681 F.2d 774, 775 (1982). Without such duly filed claim, the plaintiff is deprived of a right to sue and the court is deprived of jurisdiction to hear the case. *See Northern Life Ins. Co. v. United States,* 685 F.2d 277, 279 (9th Cir.1982). ("The filing of a timely claim is jurisdictional and cannot be waived.")

The maximum period allowable for filing a refund claim with respect to a loss carryback is prescribed by I.R.C. § 6511(d)(2)(A).

Prior to its amendment in 1978, I.R.C. § 6511(d)(2)(A) read:

If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback * * *, the period shall be that period which ends with the expiration of the 15th day of the * * 39th month * * * following the end of the taxable year of the net operating loss * * * which results in such carryback * * *.

■ The taxable year in question ended on June 30, 1978, and the 15th day of the 39th month following the end of this taxable year was September 15, 1981. Thus, plaintiff's filing of the amended return on January 18, 1982 (the 43rd month), was untimely within the terms of this statute.

Plaintiff concedes that its claim was untimely under the foregoing provision. It asserts, however, that its claim was timely filed within the revised statutory period, set forth in the amendment to § 6511(d)(2)(A) provided by the Act of November 10, 1978, Pub.L. No. 95–628, section 8(a), 92 Stat. 3627 (1978). Subsection § 6511(d)(2)(A), as amended, reads:

[I]f the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback * * *, the period shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net

operating loss * * * which results in such carryback * * *.

As the due date of plaintiff's return for the loss year, 1978, was extended to March 29, 1979, plaintiff contends that its claim for refund was timely filed on January 18, 1982, less than 3 years following the date prescribed for filing the return.

The difficulty with plaintiff's contention is, however, that the section is not applicable to plaintiff. In section 8(d) of the Act of November 10, 1978, Pub.L. No. 95–628, 92 Stat. 3632, Congress conclusively resolved any potential ambiguity concerning whether or not § 6511(d)(2)(A) should be given prospective or retroactive effect by stating that:

The amendments made by this section shall apply to carrybacks arising in taxable years beginning after the date of the enactment of this Act.

Since Pub.L. No. 95–628 by its explicit terms applies only to carrybacks arising in taxable years beginning after November 10, 1978, the amendment is, therefore, clearly not effective for any carrybacks arising in a taxable year beginning before November 10, 1978. Additionally, the legislative history repeats this language, supporting the view that § 6511(d)(2)(A), as amended, is only to be given prospective effect. *See* H.R.Rep. No. 95–645, 95th Cong., 1st Sess. 11 (1977); S.Rep. No. 95–797, 95th Cong., 2d Sess. 11 (1978), U.S. Code Cong. & Admin.News 1978, p. 9260.

In this case, the carryback arose in a taxable year beginning on July 1, 1977, and so the language of § 6511(d)(2)(A) as it existed prior to the amendment in 1978, applies to bar plaintiff's claim.

Notwithstanding the literal language of Pub.L. No. 95–628, section 8(d), plaintiff contends that § 6511(d)(2)(A) as amended by the 1978 Act should apply.

According to plaintiff, the amendment should apply in situations where a taxpayer's return is not due until after November 10, 1978, as such a construction would allegedly satisfy Congress' objective in amending the statute. However, the stat-

ute is clear. The amendment, by its very terms, is not effective for carrybacks arising in years beginning prior to that date, even if the claims were filed after the enactment of the Act.

Although the pertinent case law is slight, two cases support this conclusion. *Armstrong v. United States, supra,* and *VDO-Argo Instruments, Inc. v. United States,* 3 Cl.Ct. 359 (1983).

In *Armstrong,* the taxpayer sought a refund in 1979 based on a 1975 net operating loss carryback to previous years, and one issue raised by the case was whether or not the extensions of time granted to the plaintiff were included in the computation of the limitation period. *Id.* at 775. The court held that under § 6511(d)(2)(A) such extensions of time were not included, noting in passing that the plaintiff may have erroneously relied upon the amended language of § 6511(d)(2)(A) "which sets the limitation period at '3 years after the time prescribed by law for filing the return (*including extensions thereof*)' (emphasis added in original). However, this amendment only applies to carrybacks arising in taxable years beginning after November 10, 1978." *Id.* at 775–76.

In *VDO-Argo,* the taxpayer sought refunds based on a 1977 net operating loss carryback to previous years. As the taxpayer filed its tax returns on a calendar year basis, the taxpayer's taxable year ended on December 31, 1977. The court noted the November 10, 1978, amendment to § 6511(d)(2)(A), but specifically used the language of the older section, commenting that "if the taxpayer's claim for refund or credit involves a net operating loss, section 6511(d)(2)(A) provided, *in 1977*", that the taxpayer had 39 months to make his claim. [Emphasis supplied] 3 Cl.Ct. at 361. Using the unamended language of § 6511(d)(2)(A), the plaintiff had until March 15, 1981 (the 15th day of the 39th month after December 31, 1977), to file a timely refund claim, and thus its June 12, 1981, claim was dismissed. The court, therefore, plainly followed the congressional mandate that the amendment was not effective to carrybacks arising in taxable years beginning before November 10, 1978.

Plaintiff seeks to distinguish its case by contending that the reasoning of *Armstrong* (and presumably also *VDO-Argo*) should be limited to situations where the income tax return for the loss year was due and filed before November 10, 1978. Plaintiff offers no persuasive support of this interpretation of the statute, which on its face contradicts this assertion, and neither *Armstrong* nor *VDO-Argo* attach any significance to such factual detail.

In sum, plaintiff's claim for refund was not filed within the time limits prescribed by § 6511(d)(2)(A), and the court therefore lacks jurisdiction over the subject matter of this case.

### Conclusion

The motion to dismiss is granted. The clerk is directed to enter an order dismissing the complaint.