**Evelyn B. SIMMONS, Personal Representative of the Estate of Mildred B. Jenkins, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 92–531T.**

United States Court of Federal Claims.

Aug. 18, 1993.

---

Alan Newman, Oklahoma City, OK, for plaintiff. Hartzog, Conger, Cason & Hargis, of counsel.

Bartholomew Cirenza, Washington, DC, with whom was Acting Asst. Atty. Gen., James A. Burton, for defendant.

## OPINION AND ORDER

FUTEY, Judge.

This tax refund case is before the court on defendant's motion to dismiss for lack of jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted. Specifically, defendant contends that, under Internal Revenue Code (I.R.C.) § 6511(b)(2)(A) (1986), plaintiff is not entitled to amounts of tax paid more than 3 years prior to the filing of a claim for refund.

## Factual Background

Plaintiff, Evelyn B. Simmons, is the personal representative of the Estate of Mildred Jenkins. Plaintiff is seeking a refund of an alleged $295,000.00 overpayment of estimated taxes made by Mildred Jenkins and Charles Jenkins for the 1984 taxable year.[1] Under I.R.C. § 6513(b)(2)[2] estimated tax payments are deemed paid on the last day prescribed for payment of the tax. Therefore, the payments made for the taxable year 1984 were deemed paid as of April 15, 1985. Plaintiff contends that the payments bore the social security numbers of both Charles and Mildred Jenkins. Charles Jenkins died on January 18, 1984, and Mildred Jenkins died on June 28, 1988. At the time of Mildred Jenkins' death, she had not filed a return for 1984. On October 3, 1988, the Internal Revenue Service (I.R.S.) filed a 1984 substitute federal income tax return that it had prepared for Mildred Jenkins, pursuant to I.R.C. § 6020(b).[3] The substitute return reported taxable income of $34,856.00 and a tax deficiency of $7,802.00.

The substitute return did not, however, report Mildred Jenkins' proportionate share of the $295,000.00 payment of 1984 estimated taxes. Plaintiff alleges that, after calculating Mrs. Jenkins' portion of the $295,000.00 payment, an overpayment of $81,753.00 should have been reflected on the substitute return. Plaintiff contends that this substitute return, completed by the Internal Revenue Service (I.R.S.), constitutes a valid claim for refund.

On March 10, 1989, an amended return (second return) for the 1984 taxable year, was filed by plaintiff on behalf of Charles and Mildred Jenkins. The second return set forth a refund due of $295,565.00.[4] On October 23, 1989, plaintiff filed yet another amended return with the I.R.S. (third return), again setting forth a refund due of $295,000.00.[5] Plaintiff asserts that in October 1989, $16,116.78 was credited to Mildred Jenkins' account. Plaintiff contends that this credit constituted a payment and that, therefore, the third return is a timely claim for those amounts credited to Mildred Jenkins' account in October 1989. Plaintiff's initial complaint filed on August 5, 1992, claimed a refund of $295,000.00. Plaintiff subsequently amended her complaint on December 1, 1992, to request only $81,753.00, which represents Mildred Jenkins' proportionate share of the $295,000.00 payment, or, in the alternative, $16,116.78, the amount allegedly credited to Mildred Jenkins' account in October 1989.

## Jurisdiction

■■■ The court turns first to the issue of subject matter jurisdiction.[6] The appropriate quantum of burden placed upon the plaintiff in a jurisdictional challenge depends upon "the nature of the proceeding and the type of evidence the plaintiff is permitted to present." *Raymark Indus.,*

---

1. Plaintiff maintains that the payments were made to the Internal Revenue Service Center in Austin in the following manner: $110,000.00 on approximately April 16, 1984; $85,000.00 on approximately September 17, 1984; and $100,000.00 on approximately January 15, 1985.

2. Section 6513(b)(2) provides:

   Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return).

3. Section 6020(b) states:

   If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

4. The additional $565.00 claim represents taxes that had been withheld for 1984.

5. Plaintiff contends that she filed the amended return on approximately October 19, 1989. The return is date stamped as filed on October 23, 1989. The difference in dates is immaterial to this case.

6. Although, defendant moves, in the alternative, to dismiss for failure to state a claim, the prerequisites under Internal Revenue Code (I.R.C.) § 6511(b)(2)(A) are jurisdictional. *See Schiff v. United States,* 24 Cl.Ct. 249, 251 (1991).

*Inc. v. United States*, 15 Cl.Ct. 334, 338 (1988). The court in *Raymark* noted—

[A] plaintiff must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid a defendant's motion to dismiss ... any greater burden "would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials."

15 Cl.Ct. at 338 (*quoting Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977)). The court, moreover, has "broad discretion as to the method" used to resolve a factual dispute in a jurisdictional motion, and need not rely solely on undisputed facts. *Fidelity and Deposit Co. of Md. v. United States*, 2 Cl.Ct. 137, 145 (1983) [citation omitted]. The court should "look beyond the pleadings and decide for itself those facts, even if in dispute, which are necessary for a determination of the jurisdictional merits." *LaMear v. United States*, 9 Cl.Ct. 562, 568 n. 6 (1986), *aff'd*, 809 F.2d 789 (Fed.Cir.1986). Thus, this court must decide whether plaintiff can make a *prima facie* case in support of jurisdiction.

## Discussion

■ A claim for refund that notifies the I.R.S. of the grounds for the claim, is a prerequisite to suit in the Court of Federal Claims.[7] *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 270, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931). Defendant concedes that the second and third return filed by plaintiff are timely claims for refund filed within 3 years of the filing of the substitute return. Defendant maintains, however, that under § 6511(b)(2)(A) the amount of refund cannot exceed the portion of the tax *paid* within the preceding 3 years, plus any extension of time for filing the return. Section 6511(b)(2)(A) provides:

If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return....

The estimated taxes, as noted above, were deemed paid on April 15, 1985. Mildred Jenkins was granted a 6–month extension to file her return. Three years plus 6 months prior to the filing of the second return on March 10, 1989, is September 10, 1985, 5 months *after* the last payment made on behalf of Mildred Jenkins. Charles Jenkins was granted a 4–month extension of time to file his return, therefore, tax payments eligible for refund must have been paid for Charles Jenkins after November 10, 1985, which is 7 months after the last payment was, in fact, made. The third return is similarly not within the amount limitation period.

Plaintiff's argument is two-fold. First, plaintiff does not contend that the second and third returns were within the amount limitation period for the 1984 payments. Plaintiff submits, rather, that the substitute return filed on October 3, 1988, was a valid informal claim for refund which is within the 3 year plus 6 month extension limitation on amount period. Three years and 6 months prior to October 3, 1988, is April 3, 1985, 12 days before the April 15, 1985, deemed payment date. Thus, if the substitute return is a valid claim for refund, then, the April 15, 1985, deemed payments are within the amount limitation period pursuant to I.R.C. § 6511(b)(2)(A). The first issue for resolution, then, is whether a substitute return can satisfy the requirements of a valid claim for refund.

### I. *Substitute Return as a Claim for Refund*

■ Treasury Regulation § 301.64002–3(a)(5) provides:

A properly executed individual ... *original income tax return ... shall consti-*

---

7. I.R.C. § 7422(a) states:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*tute a claim for refund or credit* within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return ... if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer.... [Emphasis added.]

The purpose of this regulation is to simplify the refund procedure in situations where the tax paid exceeds the individuals' liability. *Fearis v. Commissioner*, 548 F.Supp. 408, 410 (N.D.Tex.1982). Thus, rather than file a separate claim for refund, a taxpayer may use his tax return as the refund claim. *McIlvaine v. United States*, 23 Cl.Ct. 439, 442 (1991). In support of her claim, plaintiff points out that under I.R.C. § 6020(b)(2) a substitute return "so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."

■■■ Nonetheless, Treasury Regulation § 301.6402–2(b)(1) requires—

The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.... A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

The basis for the specificity requirement is to provide the Commissioner of the I.R.S. with "adequate notice ... of the nature of the claim, and its underlying facts, so that a thorough administrative investigation and determination can be made and thereby prevent undue surprise." *Id.* (*citing United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 71, 53 S.Ct. 278, 281–82, 77 L.Ed. 619 (1933)). Moreover, a detailed claim ensures that—

[T]he Commissioner is provided with an opportunity to correct any errors, and if disagreement remains, to limit the scope of any ensuing litigation to those issues which have been examined and which he is willing to defend.

*Ottawa Silica Co. v. United States*, 699 F.2d 1124, 1138 (Fed.Cir.1983) (*quoting Un-*

*ion Pacific R.R. v. United States*, 389 F.2d 437, 182 Ct.Cl. 103, 109 (1968), *cert. denied*, 395 U.S. 944, 89 S.Ct. 2017, 23 L.Ed.2d 462 (1969)). Plaintiff's substitute return clearly does not satisfy this test as it does not state the grounds for a refund, much less that a refund was even due.

However, the courts have also recognized an informal claim doctrine:

If the claim for refund states only general grounds for relief, an item raised in litigation but not specifically adverted to in the claim *might be permitted* if it is found that the taxpayer *adequately alerted the Service* to the fact that the item is a ground for refund, or that the Commissioner considered that unspecified ground in reaching his decision on the items for which a refund was requested. [Emphasis added.]

*Union Pacific*, 182 Ct.Cl. at 109. Therefore, if the I.R.S. *does* consider the specific grounds underlying a claim even though the claim itself does not state them, then the need for a specific claim is obviated since the I.R.S. cannot claim surprise, or that it did not have the chance to pass on the issue in the administrative review. The I.R.S., however, must have clearly considered the grounds not raised in the claim:

It is not enough that in some roundabout way the facts supporting the claim may have reached him. The Commissioner's attention should have been focused on the merits of the particular dispute. The evidence should be clear that the Commissioner understood the specific claim that was made.

*Union Pacific* 182 Ct.Cl. at 113, (*quoting Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 297, 65 S.Ct. 1162, 1165, 89 L.Ed. 1619 (1945)). Hence, if plaintiff can prove that the I.R.S. knew of the facts underlying the claim and understood that a claim was being made based upon them, then plaintiff will have proven that there was a valid informal claim.

■■ Plaintiff argues that the previous payments were made under both Charles and Mildred Jenkins' social security numbers, therefore, plaintiff maintains that the

I.R.S. should have known of the 1984 payment made by Mildred Jenkins and that the payment should have been reflected on the substitute return. If the payment had been reflected on the substitute return then the return would have shown a refund.

Yet, case law is clear that the information underlying the claim cannot be presumed to have reached the Commissioner in some roundabout way. Although, it appears that the I.R.S. had in its records information pertaining to the $295,000.00 payment, it was not put on notice that a refund might be due or that such a payment might exist in its records. The touchstone of the informal claim theory is not only whether the I.R.S. was aware of the facts underlying the claim, but also, whether it understood that there was a claim for refund based upon those facts. *See Union Pacific*, 182 Ct.Cl. at 113. Plaintiff has not shown this to be the case. Therefore, the substitute return does not qualify as a valid formal or informal claim for refund.

## II.   *Third Claim for Refund*

 Plaintiff claims, in the alternative, that the third return filed on October 23, 1989, is a valid claim for refund of $16,-116.78 allegedly credited to Mildred Jenkins' account in October of 1989. A certificate of assessment is *prima facie* evidence that plaintiff is liable for the balance shown. *Adams v. United States*, 358 F.2d 986, 175 Ct.Cl. 288, 301–02 (1966); *see also Rocovich v. United States*, 933 F.2d 991 (Fed.Cir.1991). A review of plaintiff's Certificate of Assessments reveals a flurry of activity in 1989. On April 3, 1989 a credit was applied to Mildred Jenkins' account in the amount of $7,802.00 from an overpayment of 1985 taxes. This credit was reversed on the same day.[8] On May 1, 1989, Mildred Jenkins' account was credited $1,809.50, $446.00, $1,672.57 and $4,386.71 from an overpayment of 1985 taxes. On the same day these credits too, were reversed.[9] In addition, on October 16, 1989, $7,802.00 in taxes and $4,386.71 in interest

that had previously been assessed were abated.[10] Defendant correctly points out that the October entries on the Certificate of Assessments were abatements of interest and tax and cannot count as payments. However, *credits* to a Certificate of Assessment do count as payments. Under I.R.C. § 7422(d):

> The credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability *at the time such credit is allowed.* [Emphasis added.]

*See also Recchie v. United States*, 1 Cl.Ct. 726, 727 (1983). Notwithstanding this, defendant contends that because the credits were reversed the same day they do not count as payments. Defendant has not cited, nor has this court found any support for this assertion. The plain language of the statute is that a credit is a payment at the time it is allowed. Therefore, this credit was a payment for all purposes, notwithstanding its reversal. To allow a credit to count as a credit only if it remains on the Certificate of Assessments for some hypothetical period of time would undermine the respect granted the data recorded therein. Thus, the October 19, 1989, third return was a timely claim for refund and was within the amount limitation period for the payments recorded on April 3, 1989, and May 1, 1989 on Mildred Jenkins' Certificate of Assessments.

### Conclusion

Accordingly, defendant's motion to dismiss plaintiff's claim for $295,000.00 is hereby granted. Defendant's motion to dismiss the alternative claim for $16,116.78 is, however, denied.

The parties are directed to file a joint status report by September 20, 1993, indicating further proceedings in this case.

---

**8.**  Defendant's exhibit (Def. ex.) 3.

**9.**  Def. ex. 3.

**10.**  Id.